[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13127
Non-Argument Calendar
_____

D.C. Docket No. 1:03-cr-00736-CC-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWAN OUTLAW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 20, 2021)

Before JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Dwan Outlaw appeals the district court's ruling on his motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. He argues that the district court abused its discretion by declining to further reduce his sentence based on his postconviction rehabilitation and recent changes in the law that, while not retroactively applicable to him, would reduce his Sentencing Guidelines range if he were convicted and sentenced today. We affirm.

I.

In 2005, a jury found Outlaw guilty of conspiracy to possess with intent to distribute marijuana, cocaine, and at least 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(A)(iii), and 846; three counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g); and three counts of possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Based on the quantity of crack cocaine involved and his prior history of felony drug crimes, Outlaw was subject to a mandatory life sentence on his drug conspiracy offense. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii) (2000). The district court imposed a total sentence of life plus 15 years in prison, followed by ten years' supervised release.

In 2010, Congress enacted the Fair Sentencing Act, which effectively modified the statutory penalties for drug offenses like Outlaw's that "have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and

(B)(iii)." *United States v. Jones*, 962 F.3d 1290, 1298 (11th Cir. 2020).  These

amendments were not made retroactive to defendants who were sentenced before

the enactment of the Fair Sentencing Act, however, until Congress enacted the

First Step Act in 2018.  *See United States v. Stevens*, 997 F.3d 1307, 1312 n.2

(11th Cir. 2021).

Section 404 of the First Step Act made the statutory changes in the Fair

Sentencing Act "retroactive and gave courts the authority to reduce the sentences

of certain crack offenders."  *Terry v. United States*, 141 S. Ct. 1858, 1862 (2021);

*see* First Step Act § 404(b).  The First Step Act leaves to the district court's

discretion whether to reduce a sentence for an eligible defendant.  First Step Act

§ 404(c).

In July 2019, Outlaw moved to reduce his sentence under § 404 of the First

Step Act.  He argued that he met the statutory criteria for relief and that the district

court should reduce his sentence of imprisonment to time served, or approximately

214 months, in light of his age (53 years old), family support, the comparatively

moderate drug quantities and lack of violence involved in his offenses, and his

rehabilitation in prison, at least in recent years.  He also pointed out that other

changes in the law (which were not retroactively applicable to him) meant that he

would no longer be subject to the higher statutory minimum sentence for

recidivists if he were convicted and sentenced for his drug conspiracy offense today.  *See* First Step Act § 401(a).

The district court granted Outlaw's motion in part and reduced his total sentence to 420 months' imprisonment followed by 8 years' supervised release. The district court stated that it had considered the parties' arguments, the Sentencing Guidelines, the sentencing factors in 18 U.S.C. § 3553(a),[1] the circumstances of the offense and quantity of drugs involved, the fact that Outlaw was a "leader and organizer" of the drug-trafficking enterprise, his previous felony convictions involving cocaine and his resulting career-offender status, his age and the likelihood of recidivism, his family support, and the threat of COVID-19 in prison.  The district court also stated that it considered the Guidelines imprisonment range to be "fair and just and reasonable" given the facts and circumstances of the offense, including the quantity of drugs involved and Outlaw's leadership role in the drug conspiracy.  Outlaw now appeals.

---

[1] Under § 3553(a), a district court must impose a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter future criminal conduct, protect the public, and provide the defendant with any needed training or treatment.  18 U.S.C. § 3553(a).  Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines and any pertinent policy statement, the need to avoid disparate sentences for defendants with similar records, and the need to provide restitution to any victims.  *Id.*

II.

We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *Jones*, 962 F.3d at 1296. The abuse-of-discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (citation omitted). In exercising its discretion under the First Step Act, the district court may consider any relevant factors, including the sentencing factors in 18 U.S.C. § 3553(a). *Jones*, 962 F.3d at 1304. The court is not required to consider the § 3553(a) factors, however, and need only provide sufficient explanation to make clear that it "had a reasoned basis for choosing to reduce or not reduce a defendant's sentence under the First Step Act." *Stevens*, 997 F.3d at 1310–11, 1317 (11th Cir. 2021) (citation and quotation marks omitted).

There is no dispute that Outlaw was eligible for a sentence reduction under § 404 of the First Step Act. *See Jones*, 962 F.3d at 1301 (a movant committed a "covered offense" within the meaning of the Act if his offense "triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)"). Outlaw argues that the reduced sentence imposed by the district court was substantively unreasonable because (1) in considering his revised Sentencing Guidelines range, the district court failed to take into account that if Outlaw were convicted and sentenced for

5

the same crimes today, his Guidelines range would be much lower because he would no longer qualify as a recidivist based on his prior felony drug crimes; and (2) the district court failed to properly consider the § 3553(a) sentencing factors because it did not give adequate weight to his age and postconviction rehabilitation. These arguments are misplaced.

First, because the First Step Act authorizes the district court to reduce an eligible defendant's sentence only "as if" the relevant provisions of the Fair Sentencing Act were in effect when he committed his offense, the court is not free to recalculate his Guidelines range based on other changes in the law since his original sentencing. *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020). And second, the district court could not have abused its discretion in its consideration of the § 3553(a) sentencing factors because it was not required to consider those factors at all, much less to weigh the factors in the manner that Outlaw requested. *See Stevens*, 997 F.3d at 1310–11; *see also United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016) (even where the district court is required to consider the § 3553(a) factors, the weight given to any one factor is committed to the court's sound discretion).

In addition, the district court provided a detailed explanation of its reasoning showing that it had considered Outlaw's history and the facts of his offense, including his leadership role in the years-long conspiracy and the quantity of drugs

involved, as well as his postconviction rehabilitation efforts and his arguments regarding recent statutory changes that would affect his sentence if he were convicted today, and that it believed the new sentence of 420 months' imprisonment—a significant reduction from his original sentence of life plus 15 years, and the low end of his new Guidelines range—to be reasonable and appropriate under all the circumstances.  We conclude that the district court's exercise of its discretion was well within the range of choices available to it. Accordingly, we affirm.

**AFFIRMED.**