[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14392
Non-Argument Calendar

_____

D.C. Docket No. 8:03-cr-00288-SDM-AEP-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENEVA ELLWOOD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 11, 2021)

Before JILL PRYOR, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Geneva Ellwood appeals the district court's partial denial of her motion for a reduction in sentence under Section 404(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194.  She argues that the district court erred as a matter of law by failing to conduct a plenary resentencing hearing and recalculate her Sentencing Guidelines range based on the current version of the Guidelines, and that it abused its discretion by declining to reduce her 360-month prison sentence.  We affirm.

I.

In 2004, a jury found Ellwood guilty of conspiring to possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  Because Ellwood had at least one prior felony drug conviction, her statutory sentencing range for this offense was 20 years to life.  21 U.S.C. § 841(b)(1)(A) (2000).  Based on the quantity of crack cocaine involved in Ellwood's offense and her extensive criminal history, her Sentencing Guidelines range was 360 months to life under the 2003 Sentencing Guidelines.  The district court sentenced Ellwood to 360 months' imprisonment followed by 10 years' supervised release, and this Court affirmed Ellwood's conviction and sentence on appeal.  *United States v. Ellwood*, 188 F. App'x 935 (11th Cir. 2006) (unpublished).

In May 2006, Ellwood was mistakenly released from state custody.  Soon after being released, she committed and was convicted of several new felony

2

offenses, including robbery, two counts of burglary, and fraudulent use of a credit card, for which she received a 15-year sentence in state court.  While in state prison between March 2008 and June 2014, Ellwood accumulated nine prison disciplinary violations, including possession of narcotics, possession of contraband, tattooing, participating in a disturbance, disrespecting officials, disobeying orders, and fighting.  She also completed several educational courses and a drug treatment program.

In 2019, Ellwood, through counsel, filed a motion for a sentence reduction under § 404 of the First Step Act.  She argued that the district court should exercise its discretion to reduce her sentence of imprisonment to 262 months or time served, in light of her minor role in the greater drug conspiracy, the moderate quantity of crack cocaine for which she was accountable and used primarily for her own consumption, intervening changes in the law since her sentence was imposed in 2005, and her good conduct in prison—especially in more recent years—including her educational and vocational courses, completion of a drug treatment program, and her job assignment.  She also requested a resentencing hearing.

The district court found that Ellwood was eligible for a sentence reduction under the First Step Act and reduced her term of supervised release to eight years. The court declined to reduce her 360-month sentence of imprisonment, however,

finding that "Ellwood's term of imprisonment was and remains a just sentence." Ellwood now appeals.

## II.

There is no dispute that Ellwood was eligible for a sentence reduction under § 404 of the First Step Act. *See United States v. Jones*, 962 F.3d 1290, 1301 (11th Cir. 2020) (a movant committed a "covered offense" within the meaning of the Act if her offense "triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)"). Ellwood argues that (1) the district court erred as a matter of law in failing to apply the current Sentencing Guidelines manual when calculating her revised Sentencing Guidelines range, and (2) the court abused its discretion in declining to reduce her sentence of imprisonment.

We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *Id.* at 1296. The abuse-of-discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (citation omitted).

## A.

Ellwood's first argument is premised on her contention that the district court was required to conduct a new sentencing proceeding, complete with a hearing and renewed consideration of the sentencing factors in 18 U.S.C. § 3553(a), including

4

consideration of her Sentencing Guidelines range under the current version of the Guidelines. This argument is foreclosed by our recent precedents.

Section 404(b) of the First Step Act provides that a district court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."[1] As we have explained before, the authority to reduce a movant's sentence "as if sections 2 and 3 of the Fair Sentencing Act" were in effect when she committed her offense "does not authorize the district court to conduct a plenary or *de novo* resentencing"; nor does it permit the court to reduce the movant's "'sentence on the covered offense based on changes in the law beyond those mandated by' those sections." *United States v. Taylor*, 982 F.3d 1295, 1302 (11th Cir. 2020) (quoting *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020)). So to the extent that Ellwood seeks the benefit of changes in the Guidelines that were not mandated by the relevant provisions of the Fair

---

[1] As relevant here, § 2 of the Fair Sentencing Act modified the penalties for certain drug-trafficking crimes by changing the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum sentence from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act of 2010 § 2(a)(1)(2); see also 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).

Sentencing Act, that benefit is not available to her through her First Step Act motion.

In addition, we have recently held that, while a district court "may consider all the relevant factors, including the statutory sentencing factors set forth in § 3553(a)" when exercising its discretion in this context, the First Step Act "is a permissive statute that does not mandate consideration of the § 3553(a) sentencing factors by a district court when exercising its discretion to reduce a sentence under section 404(b)" of the Act. *United States v. Stevens*, 997 F.3d 1307, 1314, 1316 (11th Cir. 2021) (citation and quotation marks omitted). We therefore reject Ellwood's argument that the district court here was required to consider the § 3553(a) factors, including "the kinds of sentence and the sentencing range established" in the current Sentencing Guidelines manual. *See* 18 U.S.C. § 3553(a)(4).

## B.

Ellwood also argues that the district court abused its discretion in denying her request to reduce her sentence of imprisonment to time served or, in the alternative, to 262 months. Ellwood argues that her 360-month sentence remains excessively harsh because it punishes her as a career offender, and she no longer qualifies as one under the current Guidelines. The district court disagreed with this

6

contention, and we cannot say that its decision amounted to a clear error in judgment under the circumstances.

A district court has "wide latitude to determine whether and how to exercise" its discretion in ruling on a First Step Act motion. *Jones*, 962 F.3d at 1304. The court is not required to provide detailed findings or explanations of its decision; an order is sufficient for our purposes if it shows that the court considered the parties' arguments and had a reasoned basis for denying the motion. *Stevens*, 997 F.3d at 1317; *United States v. Russell*, 994 F.3d 1230, 1240 (11th Cir. 2021). Here, contrary to Ellwood's arguments, the district court provided more than sufficient information to permit meaningful review on appeal. The district court's order showed that it had considered Ellwood's original conviction and sentencing proceedings, Ellwood's motion and the government's response— including her arguments about the weight the court should give to her criminal history and both parties' arguments about her postsentencing conduct in and out of prison—and the impact of the Fair Sentencing Act on Ellwood's statutory and Guidelines sentencing ranges. The court stated that it had reviewed the record and considered the § 3553(a) factors, and that it was convinced that her sentence of imprisonment—which was still the bottom end of her Guidelines sentencing range—"was and remains a just sentence." Considering Ellwood's lengthy presentencing criminal history, the fact that she committed at least four additional

7

felonies since her original sentencing, and her less than pristine prison disciplinary history, the district court's refusal to disregard Ellwood's career-offender status and reduce her sentence accordingly was not an abuse of discretion.

### III.

The district court had the authority to reduce Ellwood's sentence under § 404 of the First Step Act, but it was not required to do so. *See* First Step Act § 404(c). For the reasons discussed above, we conclude that the district court did not abuse its discretion in denying Ellwood's request to reduce her 360-month sentence of imprisonment. We therefore affirm.

**AFFIRMED.**