[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12858

_____

D.C. Docket No. 1:99-cr-00003-WPD-14

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIUS STEVENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 19, 2021)

Before LAGOA, ANDERSON, and MARCUS, Circuit Judges.

LAGOA, Circuit Judge:

Julius Stevens appeals the district court's order denying his motion for a

sentence reduction under section 404 of the First Step Act of 2018, Pub. L. No. 115-

391, 132 Stat. 5194, 5222.  On appeal, Stevens argues that (1) the district court erred in finding that he was ineligible under the First Step Act, and (2) the district court abused its discretion in determining that, even if the First Step Act applied, it would exercise its discretion and deny him a sentence reduction.[1]

On appeal, the government concedes that Stevens was eligible for a sentence reduction under the First Step Act and that the district court erred in finding otherwise.  We agree.  Notwithstanding the government's concession, we must still decide whether the district court, in its alternative holding, abused its discretion in denying Stevens's motion for a sentence reduction, and in so doing we must answer the question this Court left open in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020)—whether consideration of 18 U.S.C. § 3553(a)'s sentencing factors is mandatory for a district court exercising its discretion in granting or denying a sentence reduction under section 404(b) of the First Step Act.  We hold that the First

---

[1] As an initial matter, Stevens's term of imprisonment expired before he filed the motion for a sentence reduction at issue in this appeal, and Stevens is now serving the supervised release portion of his sentence.  Before the district court, Stevens argued that both his term of imprisonment and his term of supervised release should be reduced.  On appeal, however, Stevens properly argues only for a reduction or termination of his term of supervised release.  A challenge to an imposed term of imprisonment is moot once that term has expired, *see United States v. Juvenile Male*, 564 U.S. 932, 936 (2011); *United States v. Serrapio*, 754 F.3d 1312, 1317 (11th Cir. 2014), but where a defendant is still serving other aspects of his sentence, e.g., paying a fine or serving a term of supervised release, any appeal related to that aspect of his sentence is not moot, *see Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995) ("Dawson is still serving his term of supervised release, which is part of his sentence and involves some restrictions upon his liberty.  Because success for Dawson could alter the supervised release portion of his sentence, his appeal is not moot.").  This appeal, therefore, relates solely to Stevens's term of supervised release.

Step Act does not require that the district court consider the § 3553(a) sentencing factors when exercising its discretion to reduce a sentence under section 404(b) of the First Step Act. The district court's decision, however, must allow for meaningful appellate review. Indeed, it is a fundamental principle of appellate review that a district court must provide some justification for the exercise of its decision-making authority. Because the district court's alternative ruling denying Stevens's request to reduce or terminate his term of supervised release failed to provide a sufficient explanation to allow for meaningful appellate review, we vacate the order and remand for further proceedings consistent with this opinion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 1999, a federal grand jury charged Stevens with conspiracy to possess with intent to distribute detectable amounts of cocaine and marijuana, in violation of 21 U.S.C. §§ 841 and 846, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Stevens pleaded guilty to the conspiracy count, and the firearm count was dismissed. Pursuant to his plea agreement, Stevens agreed that the relevant drug quantity for sentencing purposes was "at least fifty (50) grams, but less than one hundred and fifty (150) grams" of cocaine base or crack cocaine. This quantity was again confirmed during his plea colloquy and was unobjected to in his presentence investigation report ("PSI").

3

Based on his PSI, the mandatory statutory range was ten years to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A), and the PSI calculated his base offense level as 32.   Because of the characteristics of the specific offense and based on his role in the offense, Stevens's adjusted offense level was 37.   Stevens's criminal history was initially determined to be category V, but was increased to category VI based on the determination that Stevens qualified for career offender status.   Stevens's resulting guideline range was 262 to 327 months' imprisonment with a supervised release term of five years.

The district court sentenced Stevens to 262 months' imprisonment and five years of supervised release—the low end of the guideline range.   Stevens appealed his conviction and sentence, but the appeal was dismissed pursuant to the appeal waiver in his plea agreement.   Stevens then filed various post-conviction motions to reduce his sentence, each of which was denied.   In each order denying the sentence reduction requests, the district court held that even if Stevens was eligible for any reduction, he was not warranted such a reduction because his original sentence was reasonable and sufficient.

Of significance to this appeal, on January 16, 2018, Stevens completed his term of imprisonment and was released from prison.   He then immediately began his five-year term of supervised release.   In 2019, Stevens filed a counseled motion to reduce his sentence under section 404 of the First Step Act, arguing that he was

eligible for relief and that the district court should exercise its discretion, enter an amended judgment sentencing him to 151 months, and terminate the remainder of his term of supervised release. Specifically, Stevens claimed that, based on the career offender guideline and a reduction for acceptance of responsibility, his total offense level would be 29, resulting in a guideline range of 151 to 188 months' imprisonment with three years of supervised release. According to Stevens, in light of the Fair Sentencing Act of 2018, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), his sentence should be reduced to 151 months' imprisonment followed by three years of supervised release because the district court originally sentenced him to the bottom of the guideline range. Under that reduced sentence and considering his time served, Stevens argued that he would have already completed his entire sentence, including his five-year term of supervised release. Stevens further argued that the sentencing factors identified in 18 U.S.C. § 3553(a) militated toward a reduced sentence. Specifically, Stevens stated that he had made significant progress in post-sentencing rehabilitation, had been compliant with all the terms of his supervised release for a year and a half, and the termination of his supervised release would allow him to obtain a commercial truck driver's license and become a truck driver. He conceded, however, that any decision related to a sentence reduction was entirely within the discretion of the district court.

In its written order denying Stevens's motion, the district court outlined the posture of the case, stated that it had "considered the court file and [PSI]," indicated that Stevens was not eligible for relief, and alternatively held that, "[e]ven if the First Step Act applied, the Court would still impose a sentence of five (5) years of supervised release." The district court further stated that it "would exercise discretion and not give Stevens credit for time served beyond any reduced sentence" and that it "would not terminate supervised release." This timely appealed ensued.

## II.    STANDARD OF REVIEW

We review *de novo* whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). We review a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for abuse of discretion. *Id*. A district court abuses its discretion when it applies an incorrect legal standard or makes a clear error of judgment. *United States v. Denson*, 963 F.3d 1080, 1086 n.4 (11th Cir. 2020); *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015).

## III.   ANALYSIS

A district court generally lacks the authority to "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress, however, created exceptions to that general rule of finality, and one of those exceptions

6

provides that a district court "may" modify a sentence when the modification is "expressly permitted by statute." *Id.* § 3582(c)(1)(B).

In 2018, Congress enacted the First Step Act, which made the Fair Sentencing Act's[2] modifications to statutory penalties for covered offenses retroactive, and expressly granted district courts the authority to reduce a previously imposed term of imprisonment. *See* First Step Act § 404; *see also Jones*, 962 F.3d at 1297. Under section 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." (citation omitted). The statute defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were

---

[2] In 2010, Congress enacted the Fair Sentencing Act of 2010, Pub. L. No. 111-20, § 2, 124 Stat. 2372, which amended 21 U.S.C. §§ 841(b)(1) and 960(b), in order to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine. *See Dorsey v. United States*, 567 U.S. 260, 268–69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act, including the United States Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences). Section 2 of the Fair Sentencing Act raised the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)–(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). Because the Fair Sentencing Act's reduced penalties applied only to defendants sentenced on or after the Fair Sentencing Act's effective date, Stevens was not eligible for a sentence modification under the Fair Sentencing Act, and therefore did not benefit from these amendments until the First Step Act was passed. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). Additionally, the Fair Sentencing Act did not expressly make any changes to § 841(b)(1)(C), which provides for a term of imprisonment of not more than 20 years for cases involving quantities of crack cocaine that do not fall within § 841(b)(1)(A) or (B). *See* Fair Sentencing Act § 2(a); 21 U.S.C. § 841(b)(1)(C).

modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a). The First Step Act leaves to the district court's discretion whether to reduce a sentence by stating that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

On appeal, Stevens argues that the district court (1) erred in finding that he was ineligible under the First Step Act and (2) abused its discretion in determining that, even if the First Step Act applied, it would exercise its discretion and deny a sentence reduction. We address each issue in turn.

### A.     Stevens's Eligibility under the First Step Act

When the district court ruled on Stevens's motion, it was an open question in this Circuit whether eligibility for a sentence reduction under the First Step Act was based on the statute of conviction or on the defendant's actual conduct. *See Jones*, 962 F.3d at 1298–1301. The district court based Stevens's eligibility on his actual conduct. But, in *Jones*, we rejected that view. *See id.* at 1301. Rather, this Court held that the district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841—in other words, whether his offense involved fifty grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between five and fifty grams, therefore triggering § 841(b)(1)(B)(iii). *Id.* A "covered offense" is therefore one where the offense

triggers the higher penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Id.* And any actual amount of drugs involved in the defendant's offense beyond the amount related to his statutory penalty is not relevant to his eligibility. *Id.*

The inquiry into eligibility, however, does not end there. Even if a defendant was sentenced for a "covered offense," the defendant must also satisfy the "as if" clause of the First Step Act. *Id.* at 1303. Section 404(b) imposes the additional requirement that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* (quoting First Step Act § 404(b)). As such, a district court cannot reduce a defendant's sentence if that sentence is already equal to the lowest statutory penalty that would have been available to him under the Fair Sentencing Act. *Id.*

Here, as the parties agree, Stevens's conviction—conspiracy to possess with intent to distribute detectable amounts of crack cocaine and marijuana in violation of § 841(b)(1)(A)—is a "covered offense" under the First Step Act. The offense, based on the indictment and the attributable drug quantity—between 50 and 150 grams of crack cocaine—that was agreed to at the plea colloquy, triggered the higher penalties in § 841(b)(1)(A)(iii). *See id.* at 1301. The original statutory minimum for the offense was ten years' imprisonment with a minimum of five years of supervised release. Section 2 amended those minimums to five years' imprisonment with four years of supervised release. *See* 21 U.S.C. § 841(b)(1)(B)(iii). Additionally, the "as

if" clause is satisfied here.  Stevens was sentenced to 262 months' (or just under 22 years') imprisonment and 5 years of supervised release—a sentence above that which could be given "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  *See Jones*, 962 F.3d at 1303 (quoting First Step Act § 404(b)).  Stevens is therefore eligible under the First Step Act for a sentence reduction to his term of supervised release, and the district court erred in determining that Stevens was ineligible.[3]  Because Stevens's conviction was a covered offense under the First Step Act and he was therefore eligible for a sentence reduction, we now turn to whether the district court abused its discretion in denying the sentence reduction in an alternative ruling.

## B.    Whether the district court abused its discretion in denying Stevens a sentence reduction in its alternative ruling

While the First Step Act expressly permits a district court to reduce an eligible defendant's sentence for a covered offense, the district court is "not required to do so."  *Id.* at 1304.  A district court has "wide latitude to determine whether and how to exercise [its] discretion in this context."  *Id.*  And, in exercising this discretion, district courts "may consider all the relevant factors, including the statutory sentencing factors" set forth in § 3553(a).  *Id.*

---

[3] Stevens also argued that the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), applies to this case.  But our decision in *Jones* forecloses that argument.  In *Jones*, we held that *Apprendi* does not apply to the eligibility determination in First Step Act cases because the relevant inquiry is whether the attributable quantity of drugs met the threshold in § 841(b).  *See Jones*, 962 F.3d at 1301–02.

Stevens argues that the district court committed procedural error because the district court failed to consider the § 3553(a) sentencing factors in ruling on Stevens's motion. In *Jones*, we left open the question of whether consideration of § 3553(a) is mandatory when a district court exercises its discretion in granting or denying a sentence reduction under the First Step Act. This case requires us to answer that question.

As with any statutory interpretation question, our analysis "must begin, and usually ends, with the text of the statute." *Boca Ciega Hotel, Inc., v. Bouchard Transp. Co.*, 51 F.3d 235, 237 (11th Cir. 1995). "If the statute's meaning is plain and unambiguous, there is no need for further inquiry." *People for the Ethical Treatment of Animals, Inc. v. Miami Seaquarium*, 879 F.3d 1142, 1146 (11th Cir. 2018) (quoting *United States v. Fisher*, 289 F.3d 1329, 1338 (11th Cir. 2002)).

The First Step Act states, in relevant part:

(a)  Definition of covered offense. In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010.

(b)  Defendants previously sentenced. A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.

(c)  Limitations. No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or

11

previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act § 404 (citations omitted). The statutory language used by Congress in section 404(b) of the First Step Act is wholly permissive. The statute states that district courts "may," rather than shall, impose a reduced sentence. *Id.* § 404(b). It further states that nothing in the section "shall be construed to require a court to reduce any sentence." *Id.* § 404(c). Indeed, there is no mention of the § 3553(a) sentencing factors, or a mandate requiring their consideration, in the text of section 404 of the First Step Act.

Moreover, 18 U.S.C. § 3582(c)(1)(B), which governs the imposition of certain sentence modifications, states only that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." As with section 404 of the First Step Act itself, § 3582(c)(1)(B) does not mention the § 3553(a) factors, much less mandate their consideration.

In contrast, when Congress intends to mandate consideration of the § 3553(a) sentencing factors for purposes of sentencing and sentencing modifications, it does so explicitly. For example, the text of the statute governing the initial imposition of a sentence states that courts "*shall* consider the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(a) (emphasis added). The

12

statute governing the modification of an imposed sentence based on a sentencing range that has subsequently been lowered by the Sentencing Commission—18 U.S.C. § 3582(c)(2)—likewise clearly mandates consideration of the § 3553(a) sentencing factors before a district court exercises its discretion in granting or denying such a sentence reduction.  Specifically, § 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), . . . the court *may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)* to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(emphasis added); *accord Dillon v. United States*, 560 U.S. 817, 824–25 (2010) (discussing § 3582(c)(2)).

"[C]ourts have no authority to alter statutory language.  We cannot add to the terms of the provision what Congress left out."  *Silva-Hernandez v. U.S. Bureau of Citizenship & Immigr. Servs.*, 701 F.3d 356, 361 (11th Cir. 2012) (alteration omitted) (quoting *CBS Inc. v. Primetime 24 Joint Venture*, 245 F.3d 1217, 1228 (11th Cir. 2001)).  And we have no authority to add to or alter the statutory language to require what Congress did not.  *Id.*; *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1224 (11th Cir. 2009) ("[W]e are not allowed to add or subtract words from a statute; we cannot rewrite it.").  Instead, we must presume that Congress intentionally chose to omit mandatory consideration of particular factors

13

for purposes of deciding whether to impose a reduced sentence under the First Step Act. *See Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383, 392 (2015) (explaining that "[t]he interpretive canon that Congress acts intentionally when it omits language included elsewhere applies with particular force" where the omitted language is used in "close proximity"); *Kucana v. Holder*, 558 U.S. 233, 249 (2010) ("[W]here Congress included particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (alteration in original) (quoting *Nken v. Holder*, 556 U.S. 418, 430 (2009)); *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 341 (2005) (stating that courts "do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and [their] reluctance is even greater when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest.").

The First Step Act is clear—it is a permissive statute that does not mandate consideration of the § 3553(a) sentencing factors by a district court when exercising its discretion to reduce a sentence under section 404(b) of the First Step Act. Instead, the only explicit limitation placed on a district court's exercise of its discretion when modifying an eligible sentence under the First Step Act is that any reduction to a sentence may only be done "as if sections 2 and 3 of the Fair Sentencing Act of 2010

14

were in effect at the time the covered offense was committed." First Step Act §
404(b) (citation omitted). Congress's decision to omit explicit language mandating
consideration of the § 3553(a) sentencing factors, particularly when it has done so
in other sentencing and sentence-modification statutes, makes clear that such
consideration is not required when a district court exercises its discretion to reduce
a sentence under the First Step Act. For this Court to mandate that district courts
must consider certain factors or follow a specific procedure—such as requiring
consideration of § 3553(a) factors—would impermissibly hamper and cabin this
wide discretion that Congress expressly afforded district courts. *See United States
v. Meeks*, 971 F.3d 830, 833 (8th Cir. 2020); *see also Jones*, 962 F.3d at 1304
(finding that a district court has "wide latitude to determine whether *and how* to
exercise [its] discretion in this context." (emphasis added)).[4]

Having determined that the First Step Act does not mandate consideration of
the statutory sentencing factors set forth in § 3553(a), we turn now to address what
exactly is required of a district court when exercising its discretion under the First
Step Act.

---

[4] We join our sister circuits that have addressed this issue and found that, although district
courts may consider the sentencing factors, they are not required to do so. *See United States v.
Moore*, 963 F.3d 725, 727 (8th Cir. 2020); *United States v. Mannie*, 971 F.3d 1145, 1158 n.18
(10th Cir. 2020); *United States v. Kelley*, 962 F.3d 470, 478 (9th Cir. 2020); *United States v.
Concepcion*, 991 F.3d 279, 288-89 (1st Cir. 2021).

At a minimum, a district court must adequately explain its sentencing decision to allow for meaningful appellate review. *See Gall v. United States*, 552 U.S. 38, 50–51 (2007). When imposing an initial sentence, the district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007); *Gall*, 552 U.S. at 50 (holding that the district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing"); *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965–66 (2018) (same). The same is required of the district court when exercising its discretion under the First Step Act. Just as in the initial sentencing context, such an explanation need not necessarily be lengthy, it just must "make clear that the [court] had a 'reasoned basis'" for choosing to reduce or to not reduce a defendant's sentence under the First Step Act. *See Chavez-Meza*, 138 S. Ct. at 1966 (quoting *Rita*, 551 U.S. at 356, 359). And even though our review is only for abuse of discretion, the district court must still provide this Court with enough explanation in order to determine whether such an abuse has occurred. Indeed, where "an explanation [is] inadequate in a particular case, [we will] send the case back to the district court for a more complete explanation." *See id.* at 1965.

16

Here, the district court failed to provide this minimum explanation for its alternative discretionary decision. The district court's order does not indicate that the district court understood its authority under the First Step Act, specifically as it relates to Stevens's term of supervised release—the only aspect of Stevens's sentence that may be reduced at this time. And the order provides no indication of what, if anything, the district court considered in its determination. The district court did not mention or reference the § 3553(a) factors or any other facts or circumstances that it considered, nor did it address Stevens's specific arguments in his motion, including those related to post-offense and post-incarceration rehabilitation.

Although the district court did mention that it had previously found Stevens's sentence to be reasonable in its prior orders denying his other motions for a sentence reduction, those prior orders were from 2008, 2011, and 2015, and primarily focused on his term of imprisonment, not his term of supervised release. Moreover, those prior orders were based on now-outdated statutory ranges made before the enactment of the First Step Act. The district court's reference to its prior orders provides this Court with no indication that the district court considered the new history and characteristics arguments raised by Stevens regarding his post-incarceration rehabilitation. Additionally, there is no indication that the district court considered anything related to Stevens's supervised release term when it alternatively held that it would not reduce Stevens's sentence. Because the district court's order fails to

17

allow for meaningful appellate review, we vacate the district court's order denying Stevens's motion for a sentence reduction under section 404(b) of the First Step Act and remand for further consideration.

On remand, the district court must give reasoned consideration to Stevens's motion and provide an adequate explanation for its discretionary determination of whether or not to reduce his term of supervised release. The explanation must be enough to satisfy this Court that the district court has considered the parties' arguments and has a reasoned basis for exercising its discretion. In doing so, the district court may consider the § 3553(a) factors, as well as the probation office's submissions, post-sentence rehabilitation, post-imprisonment rehabilitation, or any other relevant facts and circumstances. *See generally Pepper v. United States*, 562 U.S. 476, 480 (2011) (finding that "[h]ighly relevant—if not essential—to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics," including post-sentencing rehabilitation (alterations in original) (quoting *Williams v. New York*, 337 U.S. 241, 246–47 (1949))). But although it may be a best practice for the district court to consider § 3553(a) factors when exercising its discretion to either grant or deny a motion for a sentence reduction based on an eligible covered offense, such consideration is not statutorily mandated by section 404(b) of the First Step Act.

## IV.    CONCLUSION

While a district court is not statutorily required to consider the § 3553(a) sentencing factors in exercising its discretion under section 404(b) of the First Step Act, a district court must adequately explain its discretionary determination in order to allow for meaningful appellate review.  The district court's order must therefore provide reasoned consideration—whether denying or granting the motion for sentence reduction—to allow this Court to determine whether the district court abused its discretion.  A bare bones order that solely denies or grants a sentence reduction without more is insufficient to allow for meaningful appellate review.  Such an order makes it impossible for this Court to meaningfully review whether a district court applied an incorrect legal standard or made a clear error in judgment and thus abused its discretion.  Accordingly, for the reasons discussed, we vacate and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**