[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11845
Non-Argument Calendar

_____

D.C. Docket No. 7:08-cr-00133-RDP-HNJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY DONELL EATMON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 9, 2021)

Before WILSON, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Gregory Donell Eatmon, a federal prisoner, appeals the district court's

denial of his motion for a sentence reduction under § 404(b) of the First Step Act

of 2018.  After careful consideration, we affirm.

I.

In 2008, Eatmon pled guilty to (1) possession with intent to distribute

50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1),

(b)(1)(A)[1] and (2) use of a firearm in relation to a drug trafficking crime, in

violation of 18 U.S.C. § 924(c)(1).  The district court sentenced Eatmon to a total

term of imprisonment of 180 months, consisting of 120 months for the controlled

substance offense and 60 months for the firearm offense.

In 2010, Congress passed the Fair Sentencing Act to address disparities in

sentences between offenses involving crack cocaine and those involving powder

cocaine.  *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see also Kimbrough v.*

*United States*, 552 U.S. 85, 97–100 (2007) (providing background on disparity).

The Fair Sentencing Act increased the quantity of crack cocaine necessary to

trigger the highest statutory penalties from 50 grams to 280 grams and the

intermediate statutory penalties from five grams to 28 grams.  *See* Fair Sentencing

Act § 2; 21 U.S.C § 841(b)(1)(A)(iii), (B)(iii).  The Fair Sentencing Act's reduced

---

[1] Eatmon also pled guilty to possession with intent to distribute marijuana.  *See* 21 U.S.C. § 841(a)(1), (b)(1)(D).

penalties applied only to defendants who were sentenced on or after its effective date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

Congress subsequently passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Among other things, the First Step Act gives district courts the discretion "to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective." *United States v. Jones*, 962 F.3d 1290, 1293 (11th Cir. 2020).

After the First Step Act went into effect, Eatmon moved for a sentence reduction under the Act. The government opposed the motion. The government did not dispute that Eatmon was eligible for a sentence reduction. But it urged the court not to exercise its discretion to award a reduction, pointing to Eatmon's disciplinary record while incarcerated which showed a significant number of infractions for a variety of offenses including indecent exposure, fighting or assaulting prison staff or other inmates, stalking prison staff, making threats, and ingesting drugs.

The district court denied Eatmon's motion. After finding that Eatmon was eligible for a sentence reduction, the district court declined to exercise its

3

discretion based on his "extensive disciplinary record while in federal prison."

Doc. 57 at 2.[2]  This is Eatmon's appeal.

## II.

We review for abuse of discretion a district court's denial of an eligible

movant's request for a reduced sentence under the First Step Act.  *Jones*, 962 F.3d

at 1296.  "A district court abuses its discretion if it applies an incorrect legal

standard, applies the law in an unreasonable or incorrect manner, follows improper

procedures in making a determination, or makes findings of fact that are clearly

erroneous."  *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015)

(internal quotation marks omitted).

## III.

District courts generally lack the authority to modify a term of imprisonment

once it has been imposed.  *See* 18 U.S.C. § 3582(c).  But the First Step Act permits

district courts to reduce some previously imposed terms of imprisonment for

offenses involving crack cocaine.  *See* First Step Act § 404.  When a movant has a

"covered offense," a district court has discretion to grant a sentence reduction and

shall impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act

of 2010 . . . were in effect at the time the covered offense was committed."  *Id.*

§ 404(b).

---

[2] "Doc." numbers refer to the district court's docket entries.

In *Jones*, we addressed when the First Step Act authorizes a district court to reduce a movant's sentence.  To be eligible for a sentence reduction, a movant must have a "covered offense," meaning he must have been sentenced for a crack-cocaine offense that triggered the higher penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Jones*, 962 F.3d at 1298.  Even when a movant has a covered offense, a district court is not necessarily authorized to reduce his sentence because the First Step Act specifies that the district court must impose a reduced sentence "as if" the Fair Sentencing Act had been in effect at the time the covered offense was committed. *Id.* at 1303 (internal quotation marks omitted).  When a movant's sentence is already equal to what his mandatory-minimum sentence would have been under the Fair Sentencing Act, he is ineligible for a sentence reduction because his "sentence would have necessarily remained the same had the Fair Sentencing Act been in effect." *Id.*

That a district court is authorized to reduce a movant's sentence does not mean it must do so. *Id.* at 1304.  A district court has "wide latitude to determine whether and how to exercise [its] discretion in [the First Step Act] context." *Id.*  A district court's explanation for its decision whether to exercise its discretion need not be "lengthy," but the court "must adequately explain its sentencing decision to allow for meaningful appellate review." *United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021).  The decision must demonstrate that the district court

5

"considered the parties' arguments" and had "a reasoned basis for exercising its own legal decisionmaking authority." *Id.* (alteration adopted) (internal quotation marks omitted).  When the "explanation is inadequate in a particular case, we will send the case back to the district court for a more complete explanation." *Id.* (alterations adopted) (internal quotation marks omitted).

Here, the district court determined that Eatmon was eligible for a sentence reduction but declined to exercise its discretion.  We cannot say that the district court abused its considerable discretion when it refused to reduce Eatmon's sentence based on his lengthy disciplinary record.

Eatmon argues that the district court abused its discretion because it failed to consider anew the § 3553(a) factors.[3]  True, the district court did not mention the § 3553(a) or the relevant factors by name.  But the substance of its decision— discussing Eatmon's lengthy disciplinary history, which included more than 46 infractions for incidents involving assault, sexual misconduct, stalking, and making threats—touched on several of the factors, including the defendant's

---

[3] Section § 3553(a) states that a court should "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training.  18 U.S.C. § 3553(a)(2).  In imposing a sentence, a court also should consider:  the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range established under the Sentencing Guidelines, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id*. § 3553(a)(1), (3)–(7).

history and characteristics, the need to promote respect for the law, and the need to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a); *see also United States v. Gonzalez*, No. 19-14381, _ F.4th _, 2021 WL 3671430, at *3 (11th Cir. Aug. 19, 2021) (recognizing that district court's reasoning may reflect that court considered the § 3553(a) factors even when it does not expressly refer to the factors). But even assuming the district court failed to consider the § 3553(a) factors here, we cannot say that it abused its discretion because the court was not required to consider the factors. *See Gonzalez*, 2021 WL 3671430, at *3.

Eatmon also argues that the district court abused its discretion because it failed to calculate his new range under the Sentencing Guidelines. He, in effect, advocates for a bright-line rule that would require a district court to recalculate a movant's Guidelines range before deciding whether to exercise its discretion under the First Step Act. Although "it may be that the better practice is for a district court to calculate the new sentencing range before deciding whether to grant or deny a First Step Act motion," we have expressly held that there is no bright-line rule requiring a district court considering a motion for a sentence reduction under the First Step Act to recalculate a defendant's guidelines range. *Id.* at *4.

**AFFIRMED.**