[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11299

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTWAN BOYD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:08-cr-00251-JSM-AAS-1

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Antwan Boyd appeals the district court's decision denying in part his motion for a reduced sentence under § 404 of the First Step Act. He argues that the district court abused its discretion by declining to reduce his current 240-month sentence, which he argues is substantively unreasonable, and by failing to provide adequate explanation for its decision. We disagree and affirm.

## I.

In 2008, a jury found Boyd guilty of possession with intent to distribute 50 grams or more of cocaine base. At the time, a defendant like Boyd with two or more prior felony drug convictions was subject to a mandatory minimum life sentence for the offense. 21 U.S.C. § 841(b)(1)(A)(iii) (2006). The district court sentenced Boyd to life in prison followed by ten years of supervised release. In 2017, President Obama commuted Boyd's life sentence to 240 months.

Four years later, Boyd filed a motion seeking a further reduction in his sentence pursuant to § 404 of the First Step Act. That statute provides that a district court that sentenced a defendant for a "covered offense" may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018 § 404(b), Pub. L. No. 115-391, 132 Stat. 5194, 5222. A "covered

offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" that was committed before the effective date of the Fair Sentencing Act. *Id.* § 404(a).

As relevant here, § 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger the penalties under 21 U.S.C. § 841(b)(1)(A)(iii) from 50 grams to 280 grams and the quantity of crack cocaine necessary to trigger the penalties under 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams to 28 grams. Fair Sentencing Act of 2010 § 2(a), Pub. L. No. 111-220, 124 Stat. 2372; *see* 21 U.S.C. § 841(b)(1)(A)(iii), (b)(1)(B)(iii) (2010). After the Fair Sentencing Act, a defendant like Boyd with at least one prior felony drug conviction faced a statutory penalty of ten years to life in prison followed by at least eight years of supervised release for the offense of possession with intent to distribute 50 grams of crack cocaine. 21 U.S.C. § 841(b)(1)(B)(iii) (2010).

Because § 2 of the Fair Sentencing Act modified the statutory penalties for Boyd's offense, the district court found that Boyd had a "covered offense" and was eligible for a sentence reduction under § 404 of the First Step Act. *See United States v. Jones*, 962 F.3d 1290, 1298, 1303 (11th Cir. 2020). The court granted Boyd's motion in part and reduced his term of supervised release from ten years to eight years. The court declined to reduce Boyd's sentence of imprisonment, however, finding that his 240-month sentence remained appropriate. Boyd now appeals.

## II.

We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *Id.* at 1296. The abuse-of-discretion standard allows for "a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Frazier*, 387 F.3d. 1244, 1259 (11th Cir. 2004) (en banc) (quotation marks omitted).

## III.

Boyd argues that the district court abused its discretion by declining to reduce his current 240-month sentence of imprisonment based on his rehabilitation in prison and changes to the Sentencing Guidelines implemented since his original sentencing. He also argues that the court failed to provide sufficient explanation for its decision. We do not agree.

First, although the district court was authorized to reduce Boyd's sentence under the First Step Act, it was not required to do so. *Jones*, 962 F.3d at 1304; *see* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). "District courts have wide latitude to determine whether and how to exercise their discretion in this context." *Jones*, 962 F.3d at 1304. In exercising its discretion, the district court may consider any relevant factor, including the sentencing factors in 18 U.S.C. § 3553(a). *Id.* Contrary to Boyd's argument, however, the district court was not required to consider

or give any particular weight to the specific § 3553(a) factors that Boyd contended were most significant, nor was it required to reduce his sentence based on changes in the law other than those made by the referenced provisions of the Fair Sentencing Act, including postsentencing changes to the career-offender Guidelines that have not been made retroactive. *See United States v. Stevens*, 997 F.3d 1307, 1316 (11th Cir. 2021); *United States v. Taylor*, 982 F.3d 1295, 1302 (11th Cir. 2020).

Based in part on Boyd's career-offender status, his revised Guidelines imprisonment range for purposes of his First Step Act motion was 360 months to life. Considering Boyd's criminal history, the seriousness of his offense conduct—which involved 959 grams of crack cocaine—and the fact that his current sentence is significantly less than his Guidelines range and far below the statutory maximum sentence of life in prison, we cannot say that the district court's determination that the 240-month sentence remained appropriate was "a clear error of judgment." *Frazier*, 387 F.3d. at 1259; *see United States v. Muho*, 978 F.3d 1212, 1227 (11th Cir. 2020) ("sentences that fall within the Guidelines range or that are below the statutory maximum are generally reasonable").

Second, the district court's order, though relatively brief, was sufficient "to allow for meaningful appellate review." *Stevens*, 997 F.3d at 1317. In this context, we require only that the district court provide sufficient explanation to show that it considered the parties' arguments and had a reasoned basis for denying the sentence reduction. *Id.* The court's order here made clear that it had

reviewed the parties' briefs, the probation officer's memorandum, the procedural history of Boyd's charges and convictions, and the presentence investigation report, which detailed Boyd's offense conduct, criminal history, and personal and family information gathered at the time of his original sentencing. The court identified Boyd's adjusted statutory and Guidelines sentencing ranges and indicated that it had considered Boyd's request for a reduced sentence of 188 months. Finally, the court explained that it had considered the § 3553(a) factors and "the nature and seriousness of any danger posed by a reduction" and determined that Boyd's existing 240-month sentence was "sufficient, but not greater than necessary, to punish" Boyd. This explanation was more than adequate to allow us to discern the bases for its decision. *See United States v. Potts*, 997 F.3d 1142, 1146 (11th Cir. 2021); *Stevens*, 997 F.3d at 1317.

## IV.

The district court acted within its discretion in denying Boyd's motion for a reduction in his sentence and adequately explained its reasons for doing so. We therefore affirm.

**AFFIRMED.**