[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14144

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALEXANDER ST. ROSE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:07-cr-00009-WLS-TQL-1

_____

Before GRANT, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Alexander St. Rose, a federal prisoner represented by appellate counsel, appeals the district court's denial of St. Rose's motion for a reduced sentence under section 404 of the First Step Act.[1] Reversible error has been shown; we affirm in part and vacate in part the denial of relief and remand for further proceedings.

In 2007, St. Rose pleaded guilty to five drug-trafficking offenses: (1) two counts of distributing an unspecified amount of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(C) (Counts One and Three); (2) one count of distributing an unspecified amount of powder cocaine, in violation of section 841(b)(1)(C) (Count Two); and (3) two counts of distributing more than five grams of crack cocaine, in violation of section 841(b)(1)(B)(iii) (Counts Four and Five). St. Rose was sentenced to 235 months' imprisonment on each of the 5 counts, to run concurrently, and to a 5-year term of supervised release.

In 2019, St. Rose moved *pro se* to reduce his sentence pursuant to the First Step Act and moved for appointment of counsel. The district court appointed counsel for St. Rose. St. Rose then filed -- through his lawyer -- a supplemental motion to reduce his sentence. In that supplemental motion, St. Rose sought a reduced

---

[1] First Step Act of 2018, Pub. L. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018).

sentence of 142 months' imprisonment, to be followed by 3 years of supervised release.

The district court denied St. Rose's motion for a reduced sentence. The district court determined that Counts Four and Five constituted "covered offenses" under the First Step Act and, thus, that St. Rose was eligible for relief on those counts. The district court, however, also determined that St. Rose was ineligible for a reduced sentence on Counts One, Two, and Three: offenses that were not "covered offenses" under the First Step Act. The district court observed that -- because it lacked authority to reduce St. Rose's concurrent 235-month sentences for Counts One, Two, or Three -- St. Rose's total prison sentence would remain the same regardless of whether the district court reduced St. Rose's sentences on Counts Four and Five. As a result, the district court, "in its discretion, decline[d] to impose a reduced sentence on Counts Four and Five" and denied St. Rose's motion for relief. The district court's order never addressed expressly St. Rose's request for a reduced term of supervised release. This appeal followed.

We review *de novo* whether the district court had the authority to modify a term of imprisonment under the First Step Act. *See United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). "We review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act." *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes

findings of fact that are clearly erroneous." *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015).

District courts lack the inherent authority to modify a term of imprisonment unless authorized expressly by statute. *See* 18 U.S.C. § 3582(c)(1)(B). The First Step Act "permits district courts to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective."[2] *Jones*, 962 F.3d at 1293. Under section 404(b) of the First Step Act, "a district court that imposed a sentence for a covered offense [may] impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed." *Id.* at 1297 (quotations and alterations omitted).

To be eligible for a reduction under section 404(b), a movant must have been sentenced for a "covered offense" as defined in section 404(a). *Id.* at 1298. A movant has committed a "covered offense" if the movant's offense triggered the higher statutory penalties for crack-cocaine offenses in 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii): penalties that were later modified by the Fair Sentencing Act. *Id.*; *see Terry v. United States*, 141 S. Ct. 1858, 1863-64 (2021) (concluding that a person convicted under section 841(b)(1)(C) is ineligible for relief under the First Step Act because the Fair Sentencing Act modified only the statutory penalties for crack-cocaine

---

[2] Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2374 (2010).

offenses under sections 841(b)(1)(A) and (B), not those penalties for offenses under section 841(b)(1)(C)).

The district court concluded correctly -- and the parties agree -- that St. Rose's convictions under Counts Four and Five qualify as "covered offenses" under the First Step Act and that St. Rose's convictions under Counts One, Two, and Three do not. St. Rose is thus eligible for a reduced sentence only on Counts Four and Five.

That St. Rose is eligible for a sentence reduction does not mean, however, that he has a right to such relief. The district courts retain "wide latitude" to determine whether and to what extent to grant a sentence reduction. *Jones*, 962 F.3d at 1304. In exercising that discretion, district courts may consider "all the relevant factors." *Id.* Among other things, district courts may (but need not) consider the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Stevens*, 997 F.3d 1307, 1316 (11th Cir. 2021). Given the permissive language of the First Step Act, we have declined to specify factors the district court must consider when ruling on a motion for a reduced sentence. *See id.* ("For this Court to mandate that district court must consider certain factors or follow a specific procedure -- such as requiring consideration of § 3553(a) factors -- would impermissibly hamper and cabin this wide discretion that Congress expressly afforded district courts.").

On appeal, St. Rose argues that the district court relied on an improper factor in declining to exercise its discretion to reduce St. Rose's prison sentence. St. Rose agrees with the district court's

6                    Opinion of the Court                    20-14144

finding that his total 235-month sentence would remain unchanged even if the district court reduced his prison sentence on Counts Four and Five.  Nevertheless, St. Rose contends he might still benefit from such a reduction if future legislation authorizes the district court to also reduce his prison sentences for Counts One, Two, and Three.

Under the circumstances presented in this case, St. Rose has not shown that the district court abused its discretion in declining to impose a reduced prison sentence.  The district court recognized expressly that it had discretion under the First Step Act to reduce St. Rose's prison sentences on Counts Four and Five.  Nothing evidences that the district court applied an incorrect legal standard, followed an improper procedure, or made a clearly erroneous factual finding.  That St. Rose would receive no practical benefit from a reduced prison sentence under the current law is undisputed.  We cannot say that this factor lies outside the scope of relevant factors that the district court may consider in deciding whether to exercise its broad discretion to grant or to deny relief under the First Step Act.  We affirm the district court's denial of a reduced prison sentence on Counts Four and Five.

St. Rose next challenges the district court's denial -- without explanation -- of his request for a reduced term of supervised release.[3]  St. Rose's eligibility for a reduced sentence on Counts Four

---

[3] The government contends we should review this argument only for plain error because it says St. Rose failed to raise adequately in the district court his

20-14144                Opinion of the Court                7

and Five authorized the district court to reduce both his term of imprisonment and his term of supervised release for those offenses. *See Stevens*, 997 F.3d at 1317.

In ruling on a request for relief under the First Step Act, a district court must provide an explanation for its decision that is adequate to allow for meaningful appellate review. *Id.* The explanation need not be lengthy, but it "must make clear that the court had a reasoned basis for choosing to reduce or to not reduce a defendant's sentence under the First Step Act." *Id.* (quotations and alteration omitted). If we cannot tell from the district court's ruling whether an abuse of discretion has occurred, we will remand to the district court for further explanation. *Id.* (vacating a denial of relief under the First Step Act and remanding for additional explanation because the district court's order provided no indication about whether the district court understood its authority to reduce the defendant's term of supervised release and no indication about

---

argument for a reduced term of supervised release. We disagree. In his original *pro se* motion, St. Rose requested expressly -- in addition to a reduced term of imprisonment -- that the district court lower his term of supervised release from five years to four years. St. Rose's counseled supplemental motion also included an express request that the district court reduce the term of St. Rose's supervised release. Although St. Rose's counseled motion sought a three-year term of supervised release (a term lower than the statutory minimum), it preserved sufficiently St. Rose's request that the district court impose a reduced term of supervised release. Moreover, the district court's order in fact acknowledged that St. Rose sought a reduction of both his term of imprisonment and his term of supervised release.

what factors, if any, the district court considered in making its decision).

The district court's order denying St. Rose's motion for a reduced sentence never addressed expressly St. Rose's request for a reduced term of supervised release. And the district court's sole stated reason for denying relief -- that St. Rose's overall sentence would remain unchanged -- is inapplicable to St. Rose's term of supervised release.[4] Thus we cannot determine from the language of the district court's order whether or not the district court had a reasoned basis for denying St. Rose a reduced term of supervised release. Because the district court's order is insufficient to allow for meaningful appellate review, we vacate the denial of St. Rose's motion for a reduced supervised-release term and remand for a more complete explanation of the district court's decision. *See Stevens*, 997 F.3d at 1317-18.

---

[4] St. Rose's convictions under Counts Four and Five (violations of 21 U.S.C. § 841(b)(1)(B)(iii)) carry a statutory penalty of between four and five years' supervised release and his convictions under Count One, Two, and Three (violations of section 841(b)(1)(C)) carry a statutory maximum penalty of three years' supervised release. *See* 18 U.S.C. §§ 3559(a)(2), (a)(3), 3583(b); 21 U.S.C. § 841(b)(1)(B), (C). Given these distinct statutory penalties, St. Rose would in fact receive a reduction in his overall term of supervised release if the district court were to reduce St. Rose's terms of supervised release on Counts Four and Five, regardless of the unmodified supervised-release terms for Counts One, Two, and Three.

20-14144              Opinion of the Court                    9

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.