[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14555

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAN LEE ROSEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:15-cr-00128-SCJ-1

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Jan Lee Rosen, proceeding *pro se*, is a former federal prisoner who is now on supervised release. While in prison, he filed a motion in the district court seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which was denied. While his appeal of that order was pending, he completed his term of imprisonment and was released from prison. Because the only modification Rosen sought to his sentence was a reduction in his term of imprisonment, we conclude that this appeal is moot and dismiss for lack of jurisdiction.

In 2015, Rosen pled guilty to attempting to entice a minor to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b). The district court sentenced Rosen to 102 months' imprisonment followed by a lifetime term of supervised release.

In 2020, Rosen, proceeding *pro se*, filed a motion seeking compassionate release. He argued that extraordinary and compelling circumstances warranted a sentence reduction because he suffered from health conditions that put him at greater risk of developing a severe illness if he contracted COVID-19 while in prison. He urged the court to reduce his sentence so that he would be released from prison and begin to serve his lifetime term of supervised release. In his motion, he requested only a reduction to his term of imprisonment and did not seek any change to his lifetime

term of supervised release. The district court denied Rosen's motion, and he appealed. While this appeal was pending, Rosen completed his term of imprisonment and was released from prison.

A case becomes moot on appeal and must be dismissed "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the . . . appellant meaningful relief." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). "A challenge to an imposed term of imprisonment is moot once that term has expired." *United States v. Stevens*, 997 F.3d 1307, 1310 n.1 (11th Cir. 2021).

We conclude that Rosen's appeal is moot and must be dismissed. The only relief he sought in his motion for compassionate release was a reduction to his term of imprisonment. Because Rosen has now completed his term of imprisonment, it is no longer possible to give him meaningful relief.[1]

**APPEAL DISMISSED.**

---

[1] Also pending before the Court is Rosen's Motion for Judicial Notice. That motion is DENIED as moot.