[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10027

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:88-cr-00028-JES-12

_____

Before NEWSOM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Larry White appeals the district court's denial of his motion for a sentence reduction, pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). He asserts, in essence, that the court abused its discretion by relying on his record of 100-plus prison infractions—most involving sexual misconduct—rather than an intervening change in law that would have made his 45-year sentence for possessing with intent to distribute 50 grams or more of crack cocaine lower if he were sentenced today.

We review a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for abuse of discretion. *United States v. Stevens*, 997 F.3d 1307, 1312 (11th Cir. 2021). A district court abuses its discretion when it applies an incorrect legal standard or makes a clear error of judgment. *Id.*

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, as amended, 21 U.S.C. § 841(b)(1), was passed in an effort to reduce the sentencing disparities between crack and powder cocaine. *See Dorsey v. United States*, 567 U.S. 260, 268-69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences). For example,

a defendant convicted of possessing 50 grams of crack cocaine with intent to distribute before the Fair Sentencing Act would have been subject to 10 years' to life imprisonment, *see* 21 U.S.C. § 841(a), (b)(1)(A)(iii) (2009), but would have been subject to 5 to 40 years' imprisonment if sentenced after the Fair Sentencing Act, *see* 21 U.S.C. § 841(a), (b)(1)(B)(iii) (2010). These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which, for "covered offenses," made retroactive the statutory penalties enacted under the Fair Sentencing Act. *See* First Step Act § 404. Under § 404(b) of the First Step Act, a court that imposed a sentence for a covered offense may impose a reduced sentence as if §§ 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed. *Id.* § 404(b).

To be eligible for a sentence reduction, a movant must have a "covered offense," meaning he must have been sentenced for a crack-cocaine offense that triggered the higher penalties in § 841(b)(1)(A)(iii) or (B)(iii). *United States v. Jones*, 962 F.3d 1290, 1298 (11th Cir. 2020). Further, a defendant is ineligible if he was sentenced to the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. *Id.* at 1303.

While the First Step Act expressly permits a district court to reduce an eligible defendant's sentence for a covered offense, the district court is not required to do so. *Stevens*, 997 F.3d at 1314. A

district court has wide latitude to determine whether and how to exercise its discretion in this context. *Id.* In exercising its discretion, district courts may consider all relevant factors, including the 18 U.S.C. § 3553(a) factors, post-offense conduct and post-incarceration rehabilitation, the probation officer's submissions, and other relevant facts and circumstances. *Id.* at 1317-18. One of the § 3553(a) factors that a court may consider is the defendant's history and characteristics. 18 U.S.C. § 3553(a)(1).

Recently, the Supreme Court decided *Concepcion v. United States*, which held that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence. 142 S. Ct. 2389, 2404 (2022). The Court stated that a district court has discretion to reject a defendant's arguments about an intervening change in law, so long as it articulates a brief statement of reasons for its ruling on a defendant's motion. *See id.* at 2404-05.

Here, the district court did not abuse its discretion. While there is no dispute that White was eligible for a sentence reduction, the court was within its discretion to weigh White's prison infractions and his personal history and characteristics more heavily than the intervening change in law. The court was not required to defer to the intervening change in law, and the court's statement that it had considered all the materials and found that White was eligible for a sentence reduction—*i.e.*, that he was eligible *because* there was an intervening change in law—was a sufficient consideration

22-10027                 Opinion of the Court                      5

of his argument that the law had changed.  *See Concepcion*, 142 S. Ct. at 2404.  Accordingly, we affirm.

**AFFIRMED.**