[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10497

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JARED H. WOODY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:11-cr-00017-JRH-CLR-1

_____

Before Branch, Anderson, and Dubina, Circuit Judges.

PER CURIAM:

Appellant Jared Woody, proceeding *pro se*, appeals the district court's order denying his second motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1). Woody argues that the district court abused its discretion by denying his second motion for termination of his supervised release because it weighed too heavily his original crime's severity, failed to consider adequately his rehabilitation, and did not sufficiently explain its reasoning for denying early termination under the 18 U.S.C. § 3553(a) factors. Having reviewed the record and read the parties' briefs, we affirm the district court's order.

## I.

We review for an abuse of discretion a district court's denial of a motion for early termination of supervised release. *United States v. Cordero*, 7 F.4th 1058, 1071 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination," or makes clearly erroneous factual findings. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quotation marks omitted). A court also abuses its discretion when it fails to explain its sentencing decisions adequately enough for meaningful appellate review. *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017). Because this standard is deferential, we will affirm reasonable district court

decisions even if we would have decided to the contrary. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

## II.

A district court overseeing supervised release may terminate that term of supervised release after at least one year, upon consideration of certain factors enumerated in 18 U.S.C. § 3553(a) "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The specified § 3553(a) factors must be considered. *Johnson*, 877 F.3d at 997. Notably, the statute permitting early termination leaves out two of the § 3553(a) factors from the list of factors that a court must consider: (1) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," which is under § 3553(a)(2)(A); and (2) "the kinds of sentences available," which is under § 3553(a)(3). 18 U.S.C. § 3583(e)(1).

A district court denying early termination must explain the decision sufficiently to allow for meaningful appellate review. *Johnson*, 877 F.3d at 994-95; *see also United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021) (reviewing the denial of a motion for reduction of a sentence under the First Step Act). This means that the explanation must be enough for us to determine if the district court abused its discretion. *Stevens*, 997 F.3d at 1317. Affirming a district court's decision where its order does not allow for

meaningful appellate review "would promote post hoc rationalization of sentencing decisions." *Johnson*, 877 F.3d at 1000.

To that end, "a court must demonstrate that it has considered the § 3553(a) factors." *Id.* at 997. A district court "is not required to articulate the applicability of each factor, as long as the record demonstrates that the pertinent factors were taken into account." *United States v. Douglas*, 576 F.3d 1216, 1219 (11th Cir. 2009) (internal quotation marks omitted) (holding in an 18 U.S.C. § 3582(c)(2) case); *Johnson*, 877 F.3d at 994-95 (holding the necessity for meaningful appellate review of early termination decisions "mirrors our 18 U.S.C. § 3582(c)(2) precedent on the matter"). We have held that in fashioning an original sentence, "an acknowledgment by the district judge that he or she has considered the § 3553(a) factors will suffice." *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

In addition, the district court "must make clear that [it] had a reasoned basis for choosing" to deny the motion. *Stevens*, 997 F.3d at 1317 (quoting *Chavez-Meza v. United States*, 585 U.S. 109, 116-17, 138 S. Ct. 1959, 1966 (2018)) (internal quotation marks omitted). For instance, it is not sufficient merely to refer to past orders when circumstances have changed, and the defendant raises new arguments. *Id.*

## III.

The record demonstrates that the district court did not abuse its discretion when it denied Woody's second motion for termination of his supervised release. The district court explained

in its written order denying the motion that the nature of Woody's offense, possession of child pornography, outweighed other relevant factors such as his rehabilitation, although the district court expressly noted that Woody had performed well on supervised release.  Further, the court did not improperly consider or weigh too heavily the nature of Woody's offense because this was a relevant factor.  Also, the court's explanation in its order was sufficient to provide for meaningful appellate review and demonstrated consideration of the relevant 18 U.S.C. § 3553(a) factors.  Accordingly, based on the aforementioned reasons, we affirm the district court's order.

**AFFIRMED.**