**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10909

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

WILFREDO MORENO FERRER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00406-TPB-TGW-4

_____

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Wilfredo Moreno Ferrer appeals the district court's denial of his request for a sentence reduction pursu-

ant to 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the Sentencing Guidelines. On appeal, Moreno Ferrer argues that the district court procedurally erred in using a form order to summarily deny his § 3582(c)(2) motion because it fails to adequately explain the court's reasoning to allow for meaningful appellate review. In response, the government argues that this appeal is now moot considering Moreno Ferrer's completion of his term of imprisonment on August 29, 2025. After careful review, we agree with the government and find that Moreno Ferrer's appeal is moot.

We review jurisdictional issues de novo and must raise jurisdictional issues sua sponte. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). We retain jurisdiction to hear only live "Cases and Controversies." U.S. Const. art. III, § 2. A case is moot if, at any stage of litigation, a party no longer suffers from or is threatened by an actual injury that could be remedied by a favorable judicial decision. *United States v. Juv. Male*, 564 U.S. 932, 936 (2011). In criminal cases, to satisfy Article III's case-or-controversy requirement, a defendant who wishes to continue his appeal after the expiration of his sentence must show a "continuing injury" or "collateral consequence." *Id.*

We addressed mootness in an appeal from the denial of a sentence reduction under the First Step Act when the defendant's term of imprisonment had expired before he moved for a sentence reduction and he was serving the supervised-release portion of his sentence. *United States v. Stevens*, 997 F.3d 1307, 1311 (11th Cir.

25-10909                Opinion of the Court                3

2021).  We concluded that "a challenge to an imposed term of im-prisonment is moot once that term has expired, . . . but where a defendant is still . . . serving a term of supervised release, any ap-peal related to that aspect of his sentence is not moot."  *Id.* at 1310 n.1.  Because Moreno Ferrer has now completed his term of im-prisonment, his appeal from the district court's denial of his § 3582(c)(2) motion is moot.[1]

    **APPEAL DISMISSED.**

---

[1] Moreno Ferrer's original motion did not ask for a reduction of his supervised release nor would he be eligible when he filed his motion.  *See* 18 U.S.C § 3583(e)(1) (explaining that after one year of supervised release, the defendant may move to modify his term of supervised release).