[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10620

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TIMOTHY WIMS,
a.k.a. Timothy Derrinado Davis,
a.k.a. John Darren Delgado,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

D.C. Docket No. 1:04-cr-00006-AW-GRJ-9

_____

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Timothy Wims appeals the district court's order denying his motion for a reduced sentence under section 404(b) of the First Step Act. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2006, Wims pleaded guilty to conspiring to manufacture, distribute, and possess with intent to manufacture and distribute more than five kilograms of cocaine and more than fifty grams of cocaine base, in violation of 21 U.S.C. sections 841(a), 841(b)(1)(A)(ii) and (iii), and 846. Because of Wims's earlier convictions for home invasion robbery and conspiring to possess cocaine with intent to distribute, the presentence report designated Wims a career offender. Wims received a sentence enhancement for threatening a witness at his trial, and the presentence report determined that his guideline range was 360 months' to life imprisonment. The district court sentenced him to 360 months' imprisonment—the bottom of the guideline range—and ten years of supervised release.

After Congress passed the First Step Act, Wims moved to reduce his sentence under 18 U.S.C. section 3582 because he was convicted of a "covered offense." He asked the district court to

reduce his sentence because (1) his prison disciplinary record had improved; (2) he was housed in a low security prison; (3) he was fifty-four years old; (4) he had health issues; (5) the COVID-19 pandemic had impacted the prison; (6) his friends and family supported his release; and (7) he was the last of his codefendants still serving his original sentence, but he was not the most culpable. The government conceded that Wims was eligible for a reduced sentence but argued that the district court shouldn't reduce his sentence because he presented a risk of future harm to the public. The government noted that (1) Wims tried to attack a witness in his case; (2) his earlier prison record was marked by disruptive and aggressive behavior; and (3) he had an extensive criminal history, including prior convictions for another drug conspiracy and home invasion robbery, and charges for aggravated battery, burglary of an occupied dwelling, robbery, aggravated assault, grand theft, false imprisonment, and kidnapping.

The district court denied Wims's motion, finding that, although he was eligible for relief, the seriousness of his offense and his extensive criminal history "weigh[ed] strongly against early release." The district court explained that Wims's overall disciplinary record was "far from exemplary," and that, although many of his codefendants were no longer serving their original sentences, most were not career offenders. Finally, the district court said that it considered "all of Wims's remaining arguments, including those about health issues, recidivism, age, family support, and impacts

from the pandemic" but concluded that it "should not exercise discretion to order a reduced sentence."

## STANDARD OF REVIEW

We review the denial of an eligible movant's request for a reduced sentence under the First Step Act for abuse of discretion. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911–12 (11th Cir. 2021) (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)).

## DISCUSSION

The First Step Act "granted district courts the authority to reduce a previously imposed term of imprisonment" for certain "covered offenses." *United States v. Stevens*, 997 F.3d 1307, 1313 (11th Cir. 2021). But, "[w]hile the First Step Act expressly permits a district court to reduce an eligible defendant's sentence for a covered offense, the district court is 'not required to do so.'" *Id.* at 1314 (quoting *Jones*, 962 F.3d at 1304. A district court has "wide latitude" in deciding whether to exercise its discretion, and it may consider "all the relevant factors, including the statutory sentencing factors" in making its decision. *Jones*, 962 F.3d at 1304. In doing so, the district court need not consider any specific factors but "must make clear that [it] had a reasoned basis for choosing to

reduce or to not reduce a defendant's sentence under the First Step Act." *Stevens*, 997 F.3d at 1317 (cleaned up).

There is no dispute that Wims was eligible for a sentence reduction under section 404(b) of the First Step Act. *See Jones*, 962 F.3d at 1301 (a movant committed a "covered offense" within the meaning of the Act if his offense "triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)"). But Wims argues that the district court abused its discretion by failing to adequately consider the section 3553(a) factors and refusing to reduce his sentence. Specifically, he argues that the district court should have considered (1) whether the guideline range was "a reasonable representation of the severity of [his] criminal history and current offense," (2) how he would have been sentenced today, and (3) his "personal growth and maturity." We conclude that the district court didn't abuse its discretion in refusing to reduce Wims's sentence and that its order demonstrates that it had a "reasoned basis" for denying his motion. *See Stevens*, 997 F.3d at 1317.

First, while it was not required to, *see id.* at 1316, the district court explicitly considered the section 3553(a) sentencing factors. The district court considered the severity of Wims's offense and his criminal history. It found that "Wims's crime was quite serious" because "[m]ore than 1.2 kilograms of crack cocaine [were] attributed to Wims" which was "far more than" either the old or new cocaine threshold for sentencing purposes. It also noted that Wims's sentence was enhanced because he threatened a witness. As to his criminal history, the district court found that it was

"extensive" and "weigh[ed] strongly against early release." Because of Wims's criminal history, the district court explained, Wims's guideline range was still 360 months' to life, so his current sentence would still be "at the bottom of the guidelines." Although Wims argues that his criminal history category (and thus his guideline range) would be different today because the guidelines have changed, the First Step Act authorizes the district court to reduce an eligible defendant's sentence only "as if" the relevant provisions of the Fair Sentencing Act were in effect when he committed his offense, so the court was not free to recalculate his guideline range based on other changes in the law since his original sentencing. *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020).

In addition, the district court explained why the other factors didn't weigh in favor of reducing Wims's sentence. The district court considered Wims's prison disciplinary record and found that, while it showed "commendable" improvement, it was "far from exemplary," so it didn't "weigh heavily one way or another." And the district court considered Wims's "health issues, recidivism risks, age, family support, and impacts from the pandemic" and found that these factors didn't outweigh the others.

In short, the district court's order shows that it considered each of the facts and arguments that Wims urges us to consider on appeal. While Wims argues that the district court should have weighed certain factors more heavily than it did, the weight given to any specific factor is left to the district court's sound discretion. *See Jones*, 962 F.3d at 1304. And here, the district court's order

21-10620                Opinion of the Court                7

doesn't show that it abused that discretion by "appl[ying] an incorrect legal standard, follow[ing] improper procedures in making the determination, or mak[ing] findings of fact that are clearly erroneous." *See Harris*, 989 F.3d at 911.  Accordingly, we **AFFIRM.**