[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13794

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TODD FITZGERALD FRAZIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:04-cr-00120-VMC-NPM-1

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Todd Frazier appeals from the district court's denial of his motion for a sentence reduction under section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Frazier argues that the district court abused its discretion in denying his motion. After careful review, we affirm.

## I.    Background

In 2005, a jury found Frazier guilty of possessing with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). Because Frazier had multiple prior drug felony convictions, he was a career offender and faced a statutory minimum term of life in prison. The district court sentenced Frazier to life with a supervised release term of ten years. In 2016, President Obama commuted Frazier's sentence to 262 months' imprisonment, leaving intact his ten-year supervised release term.

In June 2020, Frazier filed a motion to reduce his sentence under section 404 of the First Step Act.[1] Frazier argued that his

---

[1] Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." See First Step Act § 404(b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair

conviction was a "covered offense" under section 404 and that, if he committed his offense today, his statutory range of imprisonment would be ten years to life. Noting his exemplary prison record, Frazier argued that the district court should exercise its discretion to reduce his sentence under the First Step Act. Frazier asked the district court to reduce his sentence to time served in prison and eight years of supervised release.

The government opposed Frazier's request for a reduced term of imprisonment but not his request for a reduced supervised release term. The government agreed that Frazier was eligible for a sentence reduction under section 404 of the First Step Act, but argued that the district court should decline to exercise its discretion to reduce Frazier's sentence.

The district court held a hearing on Frazier's motion for a sentence reduction, at which counsel argued and Frazier testified. The district court then entered a written order granting in part and denying in part Frazier's motion. The district court granted

---

Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a).

Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary for a conviction under 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams and the quantity of crack cocaine necessary for a conviction under 21 U.S.C. § 841(b)(1)(B) from 5 grams to 28 grams. Fair Sentencing Act of 2010 § 2(a), Pub. L. No. 111-220, 124 Stat. 2372; *see* 21 U.S.C. § 841(b)(1)(A)(iii), (b)(1)(B)(iii). Frazier's offense conduct involved possessing with intent to distribute 230.7 grams of crack cocaine.

Frazier's unopposed request for a reduced supervised release term, but denied his request for a reduced term of imprisonment. The district court noted that Frazier's conviction was a "covered offense" under section 404 of the First Step Act and that Frazier was therefore "eligible" under that provision "for a reduction in sentence." The district court declined, however, to reduce Frazier's term of imprisonment. The district court noted that, if Frazier were convicted and sentenced today, as a career offender, "the revised guidelines for his offense [would be] 360 months to life," which is a much higher sentencing range—even at the low end—than the commuted 262-month sentence Frazier is currently serving. The district court recognized Frazier's "exemplary disciplinary record in prison" and "his efforts to rehabilitate himself." However, because Frazier's sentence had "already been commuted well below the revised low-end guidelines," and given Frazier's "substantial criminal record, his status as a career offender," and his "failure to take responsibility for his actions" when he was originally convicted, the district court declined to reduce Frazier's sentence.

The district court entered an amended judgment reducing Frazier's supervised release term to eight years but maintaining his 262-month term of imprisonment. Frazier timely appealed.

## II.    Discussion

We review the district court's denial of Frazier's motion for a sentence reduction under section 404 of the First Step Act for

20-13794          Opinion of the Court                    5

abuse of discretion. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quotation omitted).

Although "[t]he district court had the authority to reduce [Frazier's] sentence[] [under the First Step Act] . . . it was not required to do so." *Jones*, 962 F.3d at 1304; *see* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). "District courts have wide latitude to determine whether and how to exercise their discretion in this context." *Jones*, 962 F.3d at 1304. A district court may—but is not required to—consider the 18 U.S.C. § 3553(a) factors when deciding whether to reduce the defendant's sentence under section 404 of the First Step Act.[2] *United States v.*

---

[2] Section 3553(a) provides that a court, "in determining the particular sentence to be imposed," shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

> (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training,

*Stevens*, 997 F.3d 1307, 1316 (11th Cir. 2021). The district court "must adequately explain its sentencing decision to allow for meaningful appellate review," "mak[ing] clear that the [court] had a 'reasoned basis' for choosing to reduce or not reduce a defendant's sentence under the First Step Act." *Id.* at 1317 (second alteration in original) (quotation omitted).

The district court did not abuse its discretion in denying Frazier's motion for a sentence reduction. The district court recognized that Frazier was eligible for a sentence reduction under section 404 of the First Step Act, but exercised its wide discretion not to reduce Frazier's sentence. The district court clearly explained its reasons for denying Frazier's motion, noting that Frazier's commuted sentence is already well below his amended

---

medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;

(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

guidelines range and emphasizing Frazier's criminal history and failure to accept responsibility originally for his crime.

Frazier argues that the district court did not afford adequate consideration to other factors weighing in favor of a sentence reduction, such as his exemplary prison record. But we do not reweigh on appeal the considerations for or against granting a motion for a sentence reduction under section 404 of the First Step Act, which are left to the "wide latitude" of the district court's discretion. *See Jones*, 962 F.3d at 1304 (noting that "the amended statutory penalties in the First Step Act apply to the movants as an act of legislative grace left to the discretion of the district court"). Because the district court adequately explained the reasons for its denial of Frazier's motion and made no errors of law, it did not abuse its discretion. We affirm.

**AFFIRMED.**