[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12222

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEWAYNE JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:10-cr-20511-JAL-1

_____

Before JORDAN, JILL PRYOR, and NEWSOM, Circuit Judges

PER CURIAM:

Dewayne Joseph appeals the district court's denial of his motion for a sentence reduction under § 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222. Although Joseph was eligible for a sentence reduction, the district court declined to exercise its discretion to reduce his sentence. Because we discern no abuse of discretion in the district court's decision, we affirm.

## I.

In July 2010, a federal grand jury charged Joseph with possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (Count Two); and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). Before trial, the government notified Joseph that it intended to seek an enhanced penalty on Count Two because he had two prior convictions for felony drug offenses. At the time of the offense, the statutory penalty range for an offense involving five grams or more of crack cocaine where the defendant had at least one prior conviction for a felony drug offense was 10 years to life. *See* 21 U.S.C. § 841(b)(1)(B) (2010).

Joseph proceeded to trial. At trial, the government introduced evidence showing that while patrolling a neighborhood in Miami, police officers encountered Joseph who was riding a bicycle. The officers tried to stop Joseph, but he rode away from them. The officers pursued Joseph who ignored their commands to stop, ditched his bike, and tried to flee on foot. While running, Joseph dropped items, which turned out to be a semiautomatic pistol and a plastic bag with a substance inside. At trial, Joseph stipulated that the plastic bag held 30.3 grams of a crack cocaine. The jury returned a verdict finding Joseph guilty on all three counts. For Count Two, the jury found that the offense involved five grams or more of crack cocaine.

At sentencing, the district court found that that Joseph qualified as a career offender because had at least two prior felony convictions for possessing cocaine with intent to sell or deliver. *See* U.S.S.G. § 4B1.1. Applying the career offender guideline, the district calculated Joseph's guidelines range as 292 to 365 months' imprisonment. After considering the § 3553(a) sentencing factors,[1] the

---

[1] Under § 3553(a), a district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the

court imposed a total sentence of 352 months' imprisonment. This sentence consisted of 120 months on Count One[2] and 292 months on Count Two, to run concurrently, followed by a mandatory consecutive sentence of 60 months on Count Three. *See* 18 U.S.C. § 924(c)(1)(A)(i). Joseph appealed his conviction and sentence, and we affirmed. *See United States v. Joseph ("Joseph I")*, 445 F. App'x 301 (11th Cir. 2011) (unpublished).

After Joseph committed the offense, Congress passed the Fair Sentencing Act to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see also Kimbrough v. United States*, 552 U.S. 85, 97–100 (2007) (providing background on disparity). The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the highest statutory penalties from 50 grams to 280 grams and the intermediate statutory penalties from five grams to 28 grams. *See* Fair Sentencing Act § 2; 21 U.S.C § 841(b)(1)(A)(iii), (B)(iii).

Later, Congress passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Among other things, the First Step Act gives district courts the discretion "to apply retroactively

applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

[2] The statutory maximum term of imprisonment for Count One was 10 years. *See* 18 U.S.C. § 924(a)(2).

the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective." *United States v. Jones*, 962 F.3d 1290, 1293 (11th Cir. 2020). But a movant is ineligible for a sentence reduction if his sentence "was previously imposed . . . in accordance with . . . the Fair Sentencing Act." First Step Act § 404(c).

After the First Step Act went into effect, Joseph moved for a sentence reduction. The district court initially found that Joseph was ineligible for a sentence reduction because his original sentence had been imposed after the Fair Sentencing Act went into effect. On appeal, we concluded that Joseph was eligible for a sentence reduction because the district court had sentenced Joseph under the pre-Fair Sentencing Act statutory scheme. *See United States v. Joseph ("Joseph II")*, 842 F. App'x 471 (11th Cir. 2021). We vacated the district court's order and remanded the case so that the district court could decide whether to exercise its discretion to award Joseph a sentence reduction. *Id.* at 477.

On remand, Joseph urged the district court to exercise its discretion to reduce his sentence. He argued that a sentence reduction was warranted based on what his guidelines range would have been for Count Two if he had been sentenced under the Fair Sentencing Act. According to Joseph, using the drug quantity found by the jury (five grams of crack cocaine), his statutory maximum statutory penalty under the Fair Sentencing Act would have been 30 years, not life. *See* 21 U.S.C. § 841(b)(1)(C) (2011) (setting 30-year statutory maximum for an offense involving less than 28 grams of

crack cocaine when the defendant had at least one prior conviction for a felony drug offense). This change in the statutory maximum penalty, he argued, reduced his offense level under the career offender guideline and yielded a guidelines range of 210 to 262 months' imprisonment on Count 2. *See* U.S.S.G. § 4B1.1.

Joseph asked the court to exercise its discretion under the First Step Act to reduce his sentence, claiming that he had been rehabilitated in prison. Joseph introduced evidence showing that he had completed a number of educational programs while in prison and received positive work performance reviews from his prison employer. Joseph acknowledged that he had sustained 11 disciplinary infractions while in prison but pointed out that most of the infractions were several years old.

The government opposed Joseph's motion, arguing that the district court should decline to exercise its discretion. The government began by addressing whether Joseph would have faced a lower statutory penalty and guidelines range if he had been sentenced under the Fair Sentencing Act. The government argued that because Joseph stipulated at trial that the drug weight was 30.3 grams of crack cocaine, this drug quantity should be used to calculate his statutory penalty. With this drug quantity, the government said, Joseph's statutory penalty range under the Fair Sentencing Act would have remained 10 years to life and his guidelines range for Count Two would have stayed at 292 to 362 months' imprisonment.

In addition, the government argued that the § 3553(a) factors did not justify a sentence reduction. The government argued that Joseph's original sentence was reasonable given his personal history and characteristics, the seriousness of his offense, the need to provide deterrence, and the need to avoid unwarranted sentencing disparities.

In a written order, the district court declined to exercise its discretion and denied Joseph's motion for a sentence reduction. The court began by considering Joseph's argument that because the jury found that the offense involved five grams of crack cocaine, he would have been subject to a reduced statutory penalty and guidelines range if he had been sentenced under the Fair Sentencing Act. The court observed that the parties disagreed about what drug quantity would have been used to set Joseph's statutory penalty range if he had been sentenced under the Fair Sentencing Act. The court did not resolve the issue. Instead, it explained that "[r]egardless of whether the relevant quantity of crack cocaine is five grams or 30.3 grams, after considering the sentencing factors under 18 U.S.C. § 3553(a)," it would "decline to exercise its discretion to reduce [Joseph's] sentence." Doc. 140 at 13.[3]

The court then explained why, even if the relevant drug quantity for purposes of setting Joseph's statutory penalty range was five grams of crack cocaine, it would not exercise its discretion to reduce his sentence. The court discussed the nature and

_____

[3] "Doc." numbers refer to the district court's docket entries.

circumstances of the offense: Joseph fled from law enforcement officers while carrying a pistol and 30.3 grams of crack cocaine. The court also pointed to Joseph's history and characteristics: he had multiple prior convictions, including two prior convictions for possessing drugs with intent to sell. In looking at this factor, the court considered Joseph's conduct while incarcerated, which included completing rehabilitating programs, maintaining employment, and incurring multiple disciplinary infractions. After further considering the need to reflect the seriousness of the offense, provide adequate deterrence, and to protect the public from future crimes, the court concluded that Joseph's original sentence was appropriate and no reduction was warranted.

Joseph appeals.

## II.

We review for abuse of discretion a district court's denial of an eligible movant's request for a sentence reduction under the First Step Act. *United States v. Stevens*, 997 F.3d 1307, 1312 (11th Cir. 2021). A district court abuses its discretion when it applies an incorrect legal standard or makes a clear error of judgment. *Id.*

## III.

Although we held in *Joseph II* that the district court had authority to reduce Joseph's sentence, we remanded to the district court so that it could decide in the first instance whether to exercise its discretion. *See* 842 F. App'x at 476–77. The district court had discretion to reduce Joseph's sentence, but "it was not required to

21-12222              Opinion of the Court                9

do so" and had "wide latitude" to decide whether to exercise its discretion. *Jones*, 962 F.3d at 1304.

When a district court declines to exercise its discretion under the First Step Act, it must adequately explain its sentencing decision to allow for meaningful appellate review by making clear that it had a reasoned basis for its decision. *Stevens*, 997 F.3d at 1317. In deciding whether to exercise its discretion, a district court may, but is not required to, consider the statutory sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.* at 1316.[4] Likewise, a district court may, but is not required to, calculate a movant's revised guidelines range under the Fair Sentencing Act. *See United States v. Gonzalez*, 9 F.4th 1327 (11th Cir. 2021). Although "[i]n some instances" the "better practice" may be for a district court to calculate a movant's new guidelines range, we have concluded there is no "hard-and-fast rule" that requires a district court to make this calculation. *Id.* at 1332–33.

Joseph argues that the district court abused its discretion in declining to exercise its discretion to reduce his sentence on Count Two. He argues that the district court erred because it never determined the relevant drug-quantity amount for purposes of setting his statutory penalty range and thus never calculated what his

---

[4] Joseph points out that other circuits have held that district courts must consider the § 3553(a) factors when deciding whether to exercise their discretion to reduce a movant's sentence under the First Step Act. But he concedes that binding precedent from this Court holds that a district court is not required to consider the § 3553(a) factors.

statutory penalty or guidelines range would have been for Count Two under the Fair Sentencing Act.

Joseph is correct that the district court did not definitively decide the drug-quantity or related statutory penalty and guidelines range questions. Still, we cannot say that the district court erred. Read in context, the district court's order shows that it proceeded by assuming that these issues would be decided in Joseph's favor. The court explained that even if the relevant drug quantity was only five grams of crack cocaine, meaning Joseph faced lower statutory penalty and guidelines ranges, it still would not exercise its discretion to grant Joseph relief. There is nothing improper about this approach. *See United States v. Tinker*, 14 F.4th 1234, 1240 (11th Cir. 2021) (explaining that a district court may "assume that a condition is satisfied" and then explain why a movant is not entitled to relief under the First Step Act).

Joseph nevertheless contends that the district court abused its discretion because, he says, if the drug quantity, statutory penalty range, and guidelines range issues were decided in his favor, the district court's decision declining to reduce his sentence was unreasonable. We disagree. After all, Joseph's 292-month sentence for Count Two remained well below 360 months, the statutory maximum penalty under the Fair Sentencing Act for an offense involving five grams of crack cocaine when the defendant had a prior conviction for a felony drug offense. *See* 21 U.S.C. § 841(b)(1)(C) (2011). That Joseph's sentence was well below the statutory

maximum indicates it was reasonable. *See United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020).

In addition, although the district court was not required to consider the § 3553(a) factors, it carefully considered these factors. It explained that Joseph's existing sentence was reasonable given his conduct involved in the offense, which included fleeing from law enforcement while carrying crack cocaine and a firearm; his extensive criminal history, which included prior convictions for drug distribution offenses; and his history of disciplinary infractions while incarcerated. We simply cannot say that the district court abused its considerable discretion when it weighed the § 3553(a) factors and decided not to award Joseph a sentence reduction. *See Jones*, 962 F.3d at 1304.

**AFFIRMED.**