[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12731

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARC JACQUES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:06-cr-14023-KMM-1

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Marc Jacques appeals the district court's partial grant and partial denial of his motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  In 2006, a jury convicted Jacques of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).  The district court sentenced him to life imprisonment, based in part on a finding that he qualified as a career offender under the Sentencing Guidelines.  *See* U.S.S.G. § 4B1.1.

After Congress enacted the First Step Act in 2018, Jacques filed a motion seeking to be resentenced under the more lenient penalties for cocaine-base offenses that the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which the First Step Act allowed to be applied retroactively, imposed.  The district court initially found that Jacques was ineligible for a sentence reduction, but we vacated that ruling based on our intervening decision in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020).  We determined that Jacques was eligible because the Fair Sentencing Act had the effect of reducing his maximum penalty from life imprisonment to thirty years.  *United States v. Jacques*, 847 F. App'x 742, 745 (11th Cir. 2021).  We therefore remanded for the court to exercise its discretion to grant or deny a sentence reduction.

On remand, the district court requested responses from the government and the probation office.  The government contended that, in light of the Fair Sentencing Act, Jacques's guideline range was 262 to 327 months instead of 360 months to life, but that the court could not otherwise reconsider his guideline range.  The probation office agreed with the government's calculations and included information about Jacques's prison disciplinary history.  Jacques filed replies to both responses, arguing that the court should apply "any existing law" in resolving his motion and that he no longer qualified as a career offender under the guidelines.  He otherwise described the probation office's response as "mostly accurate."

Ultimately, the district court reduced Jacques's sentence from life imprisonment to 327 months.[1]  The court weighed several factors, including his lengthy criminal history; the guideline range as modified by the Fair Sentencing Act; the seriousness of his offense, including his false trial testimony; the need to avoid unwarranted sentence disparities; his "mixed record with respect to post-sentence rehabilitation," in light of numerous prison disciplinary violations; and his "strong desire to rejoin society and earn an honest living."  The court rejected Jacques's invitation to reconsider his status as a career offender under the guidelines, stating

---

[1] The district court also reduced Jacques's term of supervised release from eight years to six years.

that doing so was barred by our decision in *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020).

On appeal, Jacques contends that *Denson* did not bar the district court from considering post-sentencing developments to his career-offender status when evaluating the § 3553(a) factors. He also claims that it was inconsistent for the court to rely on his post-sentencing conduct but not on post-sentencing developments in the law. And he argues that his reduced sentence was greater than needed for sentencing purposes, it did not avoid unwarranted disparities, and the court did not properly explain its reasons for the imposed sentence.[2]

We review for an abuse of discretion the denial of an eligible First Step Act movant's request for a sentence reduction. *Jones*, 962 F.3d at 1296. The abuse-of-discretion standard allows a range of choice for the district court, so long as the court does not make a clear error of judgment or an error of law. *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence

---

[2] Jacques also contends he was denied notice and a meaningful opportunity to reply to the responses from the government and the probation office. But the record contradicts that claim. Although the court did not expressly direct or permit Jacques to file a reply, Jacques filed replies to both responses, and the district court's order shows that it considered them. We therefore reject Jacques's claim that he was denied due process in the proceedings below.

as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act, § 404(b). We have held that a movant has a "covered offense" if "the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)," which were modified by § 2 of the Fair Sentencing Act. *Jones*, 962 F.3d at 1301–03. As we said in the previous appeal, because Jacques's offense triggered the penalties in § 841(b)(1)(B)(iii), he has a covered offense.

But even if a district court has the authority to reduce a sentence, it is "not required to do so." *Id.* at 1304. The court has "wide latitude to determine whether and how to exercise [its] discretion in this context." *Id.* In exercising its discretion, it "*may* consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Id.* (emphasis added). But it is not required to. "The First Step Act . . . does not mandate consideration of the § 3553(a) sentencing factors by a district court when exercising its discretion to reduce a sentence under [§] 404(b) of the First Step Act." *United States v. Stevens*, 997 F.3d 1307, 1316 (11th Cir. 2021). Thus, our precedent does not require the court to "consider certain factors or follow a specific procedure." *Id.* But the court still "must adequately explain its sentencing decision to allow for meaningful appellate review" by demonstrating a "reasoned basis" for its decision. *Id.* at 1317.

Notwithstanding the considerable discretion afforded district courts, we held in *Denson* that "the First Step Act does not authorize the district court to conduct a plenary or *de novo*

resentencing." *Denson*, 963 F.3d at 1089.  Nor is the district court "free to change the defendant's original guidelines calculations that are unaffected by sections 2 and 3" or "to reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 and 3." *Id.*; *see also United States v. Taylor*, 982 F.3d 1295, 1302 (11th Cir. 2020).

Here, the district court did not abuse its discretion by granting in part and denying in part Jacques's motion for a sentence reduction under § 404 of the First Step Act.  To begin with, the court's explanation was more than adequate to show that it considered the parties' arguments and had a reasoned basis for its decision.  *See Stevens*, 997 F.3d at 1317.  The court explained in detail its reasons for granting a reduction in Jacques's sentence to 327 months.  Although it was not required to consider the § 3553(a) factors, it expressly referenced several, such as his history and characteristics, including his "mixed record with respect to post-sentence rehabilitation," the nature and circumstances of the underlying offense, and the guideline range as modified by the Fair Sentencing Act.  The court's explanation was more than adequate to allow for meaningful review.  *See id.*

Moreover, Jacques has not shown that the district court made an error of law.  He primarily objects to the court's failure to recalculate his guideline range without the career-offender enhancement.  But nothing in this Court's precedent required the court to consider Jacques's guideline range under current law.  To the contrary, *Denson* held that courts are not free "to reduce the

defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 and 3." *Denson*, 963 F.3d at 1089.

To the extent the district court was permitted to consider the current guideline range as it relates to the § 3553(a) factors, Jacques fails to show that his career-offender status would be different under current law. In support of his argument that he is no longer a career offender, Jacques relies solely on § 401 of the First Step Act. But that section relates to 21 U.S.C. § 841's penalty enhancements; it does not make any changes to the guideline definition of a "controlled substance offense."[3] *See* U.S.S.G. § 4B1.2(b). To be sure, § 401's amendments may affect the statutory maximums for offenses under § 841, and therefore may alter the guideline range as calculated under the career-offender provision, *see* U.S.S.G. § 4B1.1, but Congress made clear that § 401 does not apply to sentences imposed before December 21, 2018, the date of enactment. *See* First Step Act, § 401(b) ("The amendments made by this section shall apply only to a conviction entered on or after the date of enactment of this Act."). Given these facts, we cannot say it was an abuse of discretion for the court to decline to consider Jacques's guideline range under current law.

---

[3] Among other things, § 401 of the First Step Act changed the type of prior offenses that can trigger enhanced penalties under 21 U.S.C. § 841 from "felony drug offenses" to "serious drug felonies." First Step Act, § 401(a).

Nor are we persuaded that the district court committed a clear error of judgment by granting a partial reduction to 327 months. We ordinarily defer to the weight the district court gives relevant sentencing factors, *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016), and its discretion in the context of First Step Act motions is particularly "wide," *Jones*, 962 F.3d at 1304. Here, the court's decision was well supported by the record and did not constitute an abuse of discretion.

For these reasons, Jacques has not shown that the district court abused its discretion by reducing his sentence from life imprisonment to 327 months.

**AFFIRMED.**