[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13923

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ISRAEL ROQUE BORREGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:10-cr-20661-PCH-1

_____

Before WILSON, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Israel Roque Borrego, a federal prisoner represented by counsel, appeals the district court's denial of his renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). No reversible error has been shown; we affirm.

In 2010, Borrego pleaded guilty to conspiracy to possess with intent to distribute cocaine, to conspiracy to commit Hobbs Act robbery, and to using or carrying a firearm during and in relation to a crime of violence and a drug-trafficking crime. Borrego was sentenced to 192 months' imprisonment. Borrego did not appeal his convictions or sentence. Borrego's total sentence was later reduced to 172 months' imprisonment based on retroactive amendments to the Sentencing Guidelines.

In June 2021, Borrego moved *pro se* for compassionate release under section 3582(c)(1)(A), as amended by the First Step Act.[1] Borrego sought relief based on his underlying medical conditions, his age (48), and the COVID-19 pandemic. Borrego said he suffered from hypertension, dizziness/giddiness, hyperlipidemia, hypertensive chronic kidney disease, chronic kidney disease stage 2, heart disease, headaches, and pre-diabetes. Borrego argued that his medical conditions and his age put him at increased risk of

---

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

serious illness were he to contract COVID-19. Borrego also said he was unable to take adequate precautions against infection while incarcerated. Borrego asserted that he presented no danger to the safety of others and that the 18 U.S.C. § 3553(a) factors weighed in favor of a reduced sentence.

The government opposed Borrego's motion. The district court granted Borrego's request for appointment of counsel. Borrego then filed a reply brief with the assistance of his appointed lawyer.

The district court denied Borrego's initial motion for compassionate release in July 2021 ("July 2021 Order"). The district court first determined that Borrego's medical conditions constituted no extraordinary and compelling reason warranting compassionate release. The district court noted Borrego's own statements that he was receiving adequate medical treatment and had been able to manage sufficiently his medical conditions while in prison. The district court also found both that Borrego had been vaccinated against COVID-19 and that the Bureau of Prisons had adopted measures to help mitigate the spread of COVID-19.

The district court then identified three additional "separate and independent reasons" for denying Borrego's motion: (a) Borrego's failure to show that he posed no danger to the community given the violent nature of Borrego's underlying offenses and Borrego's prison discipline record; (b) the district court's finding that the 18 U.S.C. § 3553(a) factors weighed against granting

4                    Opinion of the Court                    21-13923

Borrego relief; and (c) Borrego's failure to identify an adequate re-lease plan.

Borrego did not appeal the district court's July 2021 Order. Instead, Borrego (through his appointed lawyer) filed a renewed motion for compassionate release in October 2021.

In his renewed motion, Borrego incorporated expressly his initial compassionate-release motion. Borrego argued again that his age and medical conditions (identified in his renewed motion as chronic kidney disease, hypertension, and pre-diabetes) -- com-bined with the COVID-19 pandemic -- constituted an extraordinary and compelling reason supporting relief. Borrego alleged that he is at greater risk of infection and of developing serious illness given the rise of new variants of the COVID-19 virus, the waning efficacy of his COVID-19 vaccinations, and understaffing at the prison. Borrego also reiterated his arguments that he posed no danger to the community and that the section 3553(a) factors favored a re-duced sentence. Borrego also provided additional details about his post-release plans.

The district court denied Borrego's renewed motion in a 4-page order ("October 2021 Order"). The district court noted that Borrego's renewed motion raised arguments that were "materially similar to the arguments advanced in his prior motion." The dis-trict court observed that -- compared to the circumstances pre-sented in Borrego's initial motion -- the government was now bet-ter equipped to handle the threats posed by COVID-19. The dis-trict court thus denied Borrego's renewed motion "[f]or the

reasons expressed in the Court's [July 2021 Order]." In summarizing those reasons, the district court explained that Borrego had (a) failed to identify "extraordinary and compelling reasons" justifying a reduced sentence; (b) failed to demonstrate that he was no danger to the community; (c) failed to establish that the section 3553(a) factors favored his release; and (d) failed to provide an adequate release plan. This appeal followed.

We review *de novo* whether a defendant is eligible for a reduced sentence under section 3582(c). *See United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). After eligibility is established, we review for abuse of discretion the district court's decision about whether to grant or to deny an eligible defendant compassionate release under section 3582(c)(1)(A). *See id*. "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under section 3582(c). *See* 18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). As amended by the First Step Act, section 3582(c)(1)(A) authorizes a district court to modify a term of imprisonment under these circumstances:

> [T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable,

if it finds . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

We have said that a district court may reduce a defendant's term of imprisonment under section 3582(c)(1)(A) only if each of these three conditions is met: "(1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so [would be consistent with] § 1B1.13's policy statement." *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). If the district court determines that a movant fails to satisfy one of these conditions, the district court may deny compassionate release without addressing the remaining conditions. *Id.* at 1237-38, 1240.

The policy statements applicable to section 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13; *Bryant*, 996 F.3d at 1247. The commentary to section 1B1.13 identifies four categories -- including a prisoner's medical condition and a prisoner's age -- that might constitute "extraordinary and compelling reasons" warranting a reduced sentence. *See* U.S.S.C. § 1B1.13 comment. (n.1).

Pertinent to this appeal,[2] Application Note 1(A) of section 1B1.13 provides that a prisoner's medical condition may warrant a sentence reduction if the prisoner (1) has a terminal illness, or (2) suffers from "a serious physical or medical condition" or from age-related deterioration in physical or mental health "that substantially diminishes the ability of the defendant to provide self-care within" prison. *Id.* § 1B1.13 comment. (n.1(A)).

As an initial matter, we reject Borrego's argument that the district court failed to provide an explanation adequate to allow for meaningful appellate review. The language of the district court's October 2021 Order makes clear that the district judge considered the arguments raised in Borrego's renewed motion and had a reasoned basis for denying Borrego relief. *Cf. United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021) (explaining that a district court's "explanation need not necessarily be lengthy, it just must make clear that the [court] had a reasoned basis for choosing to reduce or to not reduce a defendant's sentence under the First Step Act" (quotations omitted)).

Borrego's renewed motion offered additional support for arguments already raised in Borrego's initial compassionate-release motion. These supplemental arguments, however, addressed chiefly the changing landscape of the COVID-19 pandemic:

---

[2] The category dealing with a prisoner's age applies only to prisoners who are "at least 65 years old" and, thus, is inapplicable to Borrego. *See id.* § 1B1.13 comment. (n.1(B)).

information not pertinent to whether Borrego's medical conditions constituted an "extraordinary and compelling" reason within the meaning of Application Note 1(A).  The district thus determined reasonably that the arguments raised in both compassionate-release motions were materially similar.  The district court then explained that it was denying Borrego's renewed motion for the same reasons already stated in the district court's July 2021 Order and also summarized those earlier-stated reasons.  On this record, we have no trouble understanding the reasons underlying the district court's ruling.

Turning to the merits, we see no error in the district court's determination that Borrego failed to establish that his medical conditions rose to the level of extraordinary and compelling reasons within the meaning of section 1B1.13.  Borrego has not alleged that he suffers from a terminal illness.  Nor has Borrego demonstrated -- or even argued -- that his medical conditions have diminished substantially his ability to provide self-care while in prison: a required element under Application Note 1(A).  Borrego himself acknowledged that his medical conditions were being managed effectively while in prison.  Borrego's contention that his age and his medical conditions put him at an increased risk of serious illness if he were to contract COVID-19 is too speculative to warrant a reduction of his sentence.  Because Borrego has shown no present serious medical condition that has diminished substantially his ability to provide-self-care, he cannot demonstrate that his medical conditions constitute an "extraordinary and compelling" reason

warranting compassionate release. *See Giron*, 15 F.4th at 1346 (rejecting an argument that "the confluence of [the defendant's] medical conditions and COVID-19 creates an extraordinary and compelling reason warranting compassionate release" when the defendant failed to show that his medical condition was either a terminal illness or had substantially diminished his ability to provide self-care while in prison).

The district court determined without error that Borrego's medical conditions constituted no "extraordinary and compelling reasons" within the meaning of section 1B1.13. Given the lack of extraordinary and compelling reasons warranting relief, we need not consider whether the section 3553(a) factors would support a reduced sentence or whether Borrego's release would pose a danger to the community. *See Tinker*, 14 F.4th at 1237-38, 1240.

AFFIRMED.