[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12222

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEWAYNE JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:10-cr-20511-JAL-1

_____

## ON REMAND FROM THE
## SUPREME COURT OF THE UNITED STATES

Before JORDAN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Dewayne Joseph appeals the district court's denial of his motion for a sentence reduction under § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. Although Joseph was eligible for a sentence reduction, the district court declined to exercise its discretion to reduce his sentence and denied the motion. On appeal, we affirmed, holding that the district court did not abuse its discretion in denying the motion. The Supreme Court subsequently granted Joseph's petition for certiorari, vacated our decision, and remanded for further consideration in light of *Concepcion v. United States*, 142 S. Ct. 2389 (2022). *See Joseph v. United States*, 143 S. Ct. 360 (2022). After careful consideration, we again affirm.

### I.

In July 2010, a federal grand jury charged Joseph with possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (Count Two); and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C.

§ 924(c)(1)(A) (Count Three). Before trial, the government notified Joseph that it intended to seek an enhanced penalty on Count Two because he had two prior convictions for felony drug crimes. Because Joseph's offense involved five grams or more of crack cocaine and he had at least one prior conviction for a felony drug offense, his penalty range was 10 years to life. *See* 21 U.S.C. § 841(b)(1)(B) (2010).

Joseph proceeded to trial. At trial, the government introduced evidence showing that while patrolling a neighborhood in Miami, police officers encountered Joseph, who was riding a bicycle. The officers tried to stop Joseph, but he rode away from them. As the officers pursued him, he ignored their commands to stop, ditched his bike, and tried to flee on foot. While running, Joseph dropped some items, which turned out to be a semiautomatic pistol and a plastic bag with a substance inside. At trial, Joseph stipulated that the plastic bag held 30.3 grams of crack cocaine. The jury returned a verdict finding Joseph guilty on all three counts. For Count Two, the jury found that the offense involved five grams or more of crack cocaine.

At sentencing, the district court determined that that Joseph qualified as a career offender because he had two prior felony convictions for crimes that qualified as controlled substance offenses for purposes of the career offender guideline. *See* U.S.S.G. § 4B1.1. Applying the career-offender guideline, the district court calculated Joseph's guidelines range as 292 to 365 months' imprisonment.

After considering the § 3553(a) sentencing factors,[1] the court imposed a total sentence of 352 months' imprisonment. This sentence consisted of 120 months on Count One[2] and 292 months on Count Two, to run concurrently, followed by a mandatory consecutive sentence of 60 months on Count Three. *See* 18 U.S.C. § 924(c)(1)(A)(i). Joseph appealed his conviction and sentence, and we affirmed. *See United States v. Joseph* ("*Joseph I*"), 445 F. App'x 301 (11th Cir. 2011) (unpublished).

After Joseph committed the offense, Congress passed the Fair Sentencing Act of 2010 to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see also Kimbrough v. United States*, 552 U.S. 85, 97–100 (2007) (providing background on disparity). The Fair Sentencing Act increased the

---

[1] Under § 3553(a), a district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

[2] The statutory maximum term of imprisonment for Count One was 10 years. *See* 18 U.S.C. § 924(a)(2).

quantity of crack cocaine necessary to trigger the highest statutory penalties from 50 grams to 280 grams and the intermediate statutory penalties from five grams to 28 grams. *See* Fair Sentencing Act § 2; 21 U.S.C § 841(b)(1)(A)(iii), (B)(iii).

Later, Congress passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Among other things, the First Step Act gives district courts the discretion to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act to movants sentenced before those penalties became effective. *United States v. Jackson*, 58 F.4th 1331, 1334 (11th Cir. 2023). But a movant is ineligible for a sentence reduction if his sentence "was previously imposed . . . in accordance with . . . the Fair Sentencing Act." First Step Act § 404(c).

After the First Step Act went into effect, Joseph moved for a sentence reduction. The district court initially found that Joseph was ineligible for a sentence reduction because his original sentence had been imposed after the Fair Sentencing Act went into effect. On appeal, we concluded that he was eligible for a sentence reduction. *See United States v. Joseph* ("*Joseph II*"), 842 F. App'x 471 (11th Cir. 2021) (unpublished). We vacated the district court's order and remanded the case so that the district court could decide whether to exercise its discretion to award him a sentence reduction. *Id.* at 477.

On remand, Joseph urged the district court to exercise its discretion to reduce his sentence. He argued that a sentence reduction was warranted based on what his guidelines range would have

been for Count Two if he had been sentenced under the Fair Sentencing Act. According to Joseph, using the drug quantity found by the jury (five grams of crack cocaine), his statutory maximum statutory penalty under the Fair Sentencing Act would have been 30 years, not life. *See* 21 U.S.C. § 841(b)(1)(C) (2011) (setting 30-year statutory maximum for an offense involving less than 28 grams of crack cocaine when the defendant had at least one prior conviction for a felony drug offense). This change in the statutory maximum penalty, he argued, reduced his offense level under the career-offender guideline and yielded a guidelines range of 210 to 262 months' imprisonment on Count Two. *See* U.S.S.G. § 4B1.1.

Joseph further argued that the district court should exercise its discretion to reduce his sentence because he had been rehabilitated in prison. He introduced evidence showing that he had completed educational programs while in prison and received positive work performance reviews from his prison employer. Joseph acknowledged that he had sustained 11 disciplinary infractions while in prison, but he pointed out that most of the infractions were several years old.

The government opposed Joseph's motion, arguing that the district court should decline to exercise its discretion. The government began by addressing whether Joseph would have faced a lower statutory penalty and guidelines range if he had been sentenced under the Fair Sentencing Act. The government argued that because he stipulated at trial that the drug weight was 30.3 grams of crack cocaine, this drug quantity should be used to calculate his

statutory penalty. With this drug quantity, the government said, Joseph's statutory penalty range under the Fair Sentencing Act would have remained 10 years to life, and his guidelines range for Count Two would have stayed at 292 to 365 months' imprisonment.

In addition, the government argued that the § 3553(a) factors did not justify a sentence reduction. The government maintained that Joseph's original sentence was reasonable given his personal history and characteristics, the seriousness of his offense, the need to provide deterrence, and the need to avoid unwarranted sentencing disparities.

In a written order, the district court denied Joseph's motion for a sentence reduction. The court began by considering Joseph's argument that because the jury found the offense involved five grams of crack cocaine, he would have been subject to a reduced statutory penalty and guidelines range if he had been sentenced under the Fair Sentencing Act. The court observed that the parties disagreed about what drug quantity would have been used to set Joseph's statutory penalty range if he had been sentenced under the Fair Sentencing Act. The court calculated the statutory maximum penalties and guidelines ranges that would apply if the offense involved five grams of crack cocaine and if it involved 30.3 grams. The court did not make any finding about the relevant drug quantity. Instead, it explained that "[r]egardless of whether the relevant quantity of crack cocaine is five grams or 30.3 grams, after considering the sentencing factors under 18 U.S.C. § 3553(a)," the court

would "decline[] to exercise its discretion to reduce [Joseph's] sentence." Doc. 140 at 13.[3]

The district court then explained why, even if the relevant drug quantity for purposes of setting Joseph's statutory penalty range was five grams of crack cocaine, it would not exercise its discretion to reduce his sentence. The court discussed the nature and circumstances of the offense: Joseph fled from law enforcement officers while carrying a pistol and crack cocaine. The court also pointed to his history and characteristics: he had multiple prior convictions, including two prior convictions for possessing drugs with intent to sell. In looking at this factor, the court considered Joseph's conduct while incarcerated, which included completing rehabilitating programs, maintaining employment, and incurring multiple disciplinary infractions. After further considering the need to reflect the seriousness of the offense, provide adequate deterrence, and to protect the public from future crimes, the court concluded that Joseph's original sentence was appropriate and that no reduction was warranted.

## II.

We review for abuse of discretion a district court's denial of an eligible movant's request for a sentence reduction under the First Step Act. *United States v. Stevens*, 997 F.3d 1307, 1312 (11th

---

[3] "Doc." numbers refer to the district court's docket entries.

Cir. 2021). A district court abuses its discretion when it applies an incorrect legal standard or makes a clear error of judgment. *Id.*

## III.

Joseph argues that the district court abused its discretion in declining to exercise its discretion to reduce his sentence on Count Two. He argues that the district court erred because it never determined the relevant drug-quantity amount for purposes of setting his statutory penalty range and thus never calculated what his statutory penalty or guidelines range would have been for Count Two under the Fair Sentencing Act. Although the district court later purported to consider the § 3553(a) factors, Joseph contends that the analysis was inadequate because the district court never determined the relevant drug quantity.

When deciding First Step Act motions, district courts "bear the standard obligation to explain their decisions," and they must give a "brief statement of reasons" to "demonstrate that they considered the parties' arguments." *Concepcion*, 142 S. Ct. at 2404. But "[a]ll that the First Step Act requires is that a district court make clear that it reasoned through the parties' arguments." *Id.* (alteration adopted) (internal quotation marks omitted).

The district court's order reflects that it considered the arguments raised in Joseph's First Step Act motion, including his argument that the relevant drug quantity was five grams of crack cocaine. The court explained that even assuming the relevant drug quantity was only five grams of crack cocaine (and thus Joseph

faced lower statutory penalty and guidelines ranges), it would not exercise its discretion to grant relief and explained why.[4] We see nothing improper about the district court using this approach and making simplifying assumptions. *See United States v. Tinker*, 14 F.4th 1234, 1240 (11th Cir. 2021) (explaining that a district court may "assume that a condition is satisfied" and then explain why a movant is not entitled to relief).

Joseph also suggests that the district court abused its discretion because, if the drug-quantity, statutory-penalty-range, and guidelines-range issues were decided in his favor, the district court's decision declining to reduce his sentence was unreasonable given his rehabilitation.

But the Supreme Court's decision in *Concepcion* makes clear that the First Step Act gives district courts "broad discretion" when deciding whether to reduce an eligible defendant's sentence. 142 S. Ct. at 2404. And we have explained that in deciding whether to exercise its discretion, "a district court may consider the

---

[4] We note that there is a circuit split about whether, when considering a motion for a sentence reduction under § 404(b) of the First Step Act, a district court *must* calculate a defendant's revised guidelines range. Although we have held that there is no bright-line rule requiring a district court to make such a calculation, other circuits have disagreed. *See United States v. Gonzalez*, No. 19-14381, __ F. 4th __, 2023 WL 4096060, at *4 (11th Cir. June 21, 2023) (discussing circuit split). But this appeal does not implicate the circuit split because the district court assumed that the relevant drug quantity was five grams of crack cocaine and correctly set forth the applicable statutory maximum penalty and guidelines range based on this drug quantity.

sentencing factors set forth in 18 U.S.C. § 3553(a), but it is not required to do so." *United States v. Gonzalez*, No. 19-14381, __ F. 4th __, 2023 WL 4096060, at *3 (11th Cir. June 21, 2023).

We cannot say that the district court abused its discretion here when, after considering the § 3553(a) factors, it decided not to reduce Joseph's sentence. The court discussed several of the applicable § 3553(a) factors and explained that it reached its decision because of Joseph's conduct involved in the offense, which included fleeing from law enforcement while carrying crack cocaine and a firearm; his extensive criminal history, which included prior convictions for drug distribution offenses; and his history of disciplinary infractions while incarcerated.[5] *See Gonzalez*, 2023 WL 4096060, at *3 (affirming district court's decision not to exercise its discretion after considering the § 3553(a) factors).

In addition, Joseph's 292-month sentence for Count Two remained well below 360 months, the statutory maximum penalty under the Fair Sentencing Act for an offense involving five grams of crack cocaine when the defendant had a prior conviction for a felony drug offense. *See* 21 U.S.C. § 841(b)(1)(C) (2011). That Joseph's sentence was well below the statutory maximum indicates,

---

[5] The Supreme Court's decision in *Concepcion* makes clear that the district court was permitted to consider Joseph's conduct while incarcerated when deciding whether to exercise its discretion. *See Concepcion*, 142 S. Ct. at 2396 (explaining that a court may consider "behavior in prison" when deciding a First Step Act motion).

but does not dictate, it was reasonable. *See United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020).

Joseph nevertheless argues that the district court's decision was an abuse of discretion because the court gave "disproportionate" weight to certain § 3553(a) factors when it focused on his prior criminal history and his prison disciplinary infractions. Appellant's Br. at 20. But "[t]he weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

**AFFIRMED.**